LAKE TISHOMINGO PROPERTY OWNERS ASSOCIATION, Plaintiff/Respondent,

v.

Henry KLEIN, et al., Defendants/Appellants.

LAKE TISHOMINGO PROPERTY OWNERS ASSOCIATION, Plaintiff/Respondent,

v.

Daniel J. ANDERSON, et al., Defendants/Appellants.

LAKE TISHOMINGO PROPERTY OWNERS ASSOCIATION, Plaintiff/Respondent,

v.

Albert BEYER, et al., Defendants/Appellants.

No. 64132.

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 15, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1994.

Application to Transfer Denied April 26, 1994.

**570**

Albert G. Beyer, St. Louis, for defendants-appellants.

Dennis H. Tesreau, Wegmann, Gasaway, Stewart, Schneider, Hillsboro, for plaintiff-respondent.

Before CRANE, P.J., and KAROHL and CRAHAN, JJ.

PER CURIAM.

Plaintiff Lake Tishomingo Property Owners Association brought suit against defendant property owners in three separate actions for unpaid assessments. Upon the parties' agreement the trial court ordered the three cases consolidated for trial. After a bench trial the court, relying on *Lake Tishomingo Property Owners Association v. Cronin*, 679 S.W.2d 852 (Mo. banc 1984), found in favor of plaintiff and ordered defendants to pay the assessments plus interest and attorney's fees. The court further placed liens in the judgment amounts on defendants' respective properties. Defendants appeal. They challenge the trial court's order on three grounds:

I

THE TRIAL COURT ERRED IN RULING THAT THE ASSESSMENTS MADE AS AMENDED RIGHTS UNDER CONTRACT TERMS OF THE DEED OF RESTRICTIONS WERE ENFORCEABLE AS EQUITABLE OBLIGATIONS, IN THAT IT, AND THE PRIOR COURTS, LACK JURISDICTION TO GRANT THE MAINTENANCE LIEN, AND OTHER RELIEF GIVEN, BECAUSE PLAINTIFF, UNDER DEED, STANDS IN THE SHOES OF THE ORIGINAL GRANTOR AND PLAINTIFF CAN HAVE NO MORE RIGHTS TO ASSESS DEFENDANTS LOTS, FOR MAINTENANCE OF GRANTORS PROPERTY THEN [Sic] GRANTOR RESERVED IN THE DEED OF TRANSFER.

II

THE TRIAL COURT ERRED IN GRANTING THE RELIEF GIVEN BECAUSE IT EXCEEDED GRANTORS RIGHTS AND DEFENDANTS LIABILITIES UNDER THE DEED OF TRANSFER AND EXCEEDS THE COURTS JURISDICTION IN EQUITY OR CONTRACT TO SO ORDER.

III

THE TRIAL COURT ERRED IN USING THE DEED OF RESTRICTIONS AS A BASIS FOR DETERMINING FAIR SHARE OF THE COSTS OF MAINTAINING THE PROPERTY OF GRANTOR.

We dismiss the appeal on the ground that the record on appeal is insufficient under Rule 81.12(a) to review these points.

Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented. *Environmental Quality v. Mercantile Trust*, 854 S.W.2d 500, 501 (Mo.App.1993). Under this rule an appellant must file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision. *Id.* In the absence of such record, there is nothing for us to review. *Campbell v. Sutton*, 845

S.W.2d 642 (Mo.App.1992); *Cooper v. General Standard, Inc.,* 674 S.W.2d 117, 122 (Mo. App.1984).

Defendants have failed to provide us with a transcript of the trial court proceedings. Without a transcript this court cannot verify the factual statements made by defendants in their brief or verify if the exhibits to which defendants refer in their brief were admitted by the trial court.

Rule 81.12(a) further states that "the legal file shall always include, in chronological order: the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from...." In their legal file, defendants include only the three page judgment of the court; they omit the previous 49 pages of the trial court's Findings of Fact and Conclusions of Law. They further omit the trial court's 16 page "Response to Request for Opinion of Court" which the trial court entered as a supplement to its Findings of Fact and Conclusions of Law and Judgment. We cannot review the issues raised by defendants without the trial court's findings of fact and conclusions of law. Defendants also failed to include any pleadings from two of the consolidated actions in their legal file.

■ Plaintiff has challenged the defendants' failure to file a complete record in its brief and has filed a supplemental legal file in this court. Defendants moved to dismiss plaintiff's supplemental legal file and brief. In their motion defendants state that pursuant to Rule 81.16, they served on plaintiff a designation of the parts of the trial record they intended to include in the record on appeal, and plaintiff failed to designate within the time period other parts of the record it intended to include. However, the court file *does not contain* a Rule 81.16 motion. Further, Rule 81.16 does not apply to this appeal. Rule 81.16 applies when an appellant desires to raise only legal questions with respect to *instructions* given or refused and where a review of the evidence is unnecessary to decide the issue. *Environmental,* 854 S.W.2d at 501. Defendants here are not seeking review of instructions.

Because defendants have not provided a sufficient record, defendants' appeal should be dismissed.

Dismissed.