Jesse MARTIN, Plaintiff–Appellant,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Defendant–Respondent.

No. ED 74608.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 1999.

Edward Delworth, St. Louis, for appellant.

Elizabeth Harris Christmas, St. Louis, for respondent.

MOONEY, Judge.

Jesse Martin ("Husband") appeals from the trial court's dismissal of his petition to recover funds received pursuant to a wage withholding order allegedly issued without legal authority by the Missouri Department of Social Services, Division of Child Support Enforcement ("Department of Social Services"). We dismiss Husband's appeal.

Husband filed a petition against the Department of Social Services seeking to recover $2,694.31, received as past due child support, which he alleges was wrongfully withheld from his wages and taken by tax refund intercept pursuant to an illegal wage withholding order issued by the Department of Social Services. The Department of Social Services filed a motion to dismiss Husband's petition because the trial court lacked subject matter jurisdiction, was an improper forum for the subject matter, and Husband failed to join a necessary party. The trial court granted the Department of Social Services' motion and dismissed Husband's petition.

Husband alleges that the trial court erred in dismissing his petition in that: (1) the court had proper subject matter jurisdiction over the lawsuit because Husband sued to recover a sum of money taken from him through a wrongful wage withholding action; (2) the trial court was the proper forum for Husband to recover the money owed to him from the wage withholding order; and (3) the Department of Social Services was the only necessary party under Rule 52.04.

Missouri Supreme Court Rule 81.12 requires that Husband, as appellant, compile the record for appeal, and that the record shall contain all of the proceedings and evidence necessary to determine all questions presented to the appellate court for decision. Rule 81 .12(a) & (c); *Environmental Quality Research, Inc. v. Mercantile Trust Nat. Ass'n,* 854 S.W.2d 500, 501 (Mo.App. E.D.1993), *citing Cain v. Richart,* 781 S.W.2d 265, 266 (Mo.App. S.D. 1989). Husband has failed to file with this Court any documents that might elucidate the tortuous procedural history of the underlying dissolution of marriage, with the exception of a one-page consent judgment entered in 1993. Also missing from the record is any evidence whether Wife assigned her rights to child support to the Department of Social Services, which is necessary to evaluate Husband's claims of error.

Because it is the duty of Husband to provide this Court with a record containing everything necessary to determine all questions presented to this court, and Husband has failed to do so, this appeal must be dismissed. *See City of St. Clair v. Cash,* 579 S.W.2d 763 (Mo.App. E.D.1979).

SIMON, P.J., and CRANE, J., concur.