**Erica BUFORD, Plaintiff/Respondent,**

**v.**

**Susan H. MELLO, Defendant/Appellant.**

**No. ED 77605.**

Missouri Court of Appeals, Eastern District, Division Five.

March 27, 2001.

Dennis L. Callahan, St. Louis, MO, for respondent.

Appellant Acting Pro Se, Susan H. Mello, Clayton, MO, for appellant.

Before MARY K. HOFF, C.J., KATHIANNE KNAUP CRANE, J. and ROBERT O. SNYDER, Sr. J.

PER CURIAM.

Plaintiff, Erica Buford, filed a small claims petition against her former employer and attorney, defendant Susan Mello, to recover monies spent on an automobile owned by defendant and money representing a refund of court costs in plaintiff's divorce action. Defendant filed a counterclaim, which, as amended, sought money damages in connection with plaintiff's use of and agreement to purchase the automobile, the payment of her attorney's fees and expenses for representing plaintiff in the divorce action, a refund of wages paid to plaintiff, damages for defamation, and damages for abuse of process. After a trial de novo, the court entered a judgment that awarded plaintiff $319.82 on her claims against defendant and awarded defendant $1,000.00 on her claim for payment of her attorney's fees. The court denied defendant relief on counts one and three of her counterclaim and directed a verdict in plaintiff's favor on counts four and five of defendant's counterclaim.

Defendant appeals from those parts of the judgment that awarded a money judgment to plaintiff and denied defendant a recovery on her automobile-related claim. Defendant contends that the trial court erred in five respects: 1) in awarding plaintiff the monies representing a refund of the court costs in plaintiff's divorce action in which defendant represented plaintiff because defendant claimed a lien on those funds, 2) in reimbursing plaintiff for an emissions inspection she obtained for the automobile, 3) in reimbursing plaintiff for the value of a radio put in the automobile, 4) in not reimbursing defendant $250 paid on a repair bill for the automobile, and 5) in not compensating defendant for plaintiff's use of the automobile. We do not reach the merits of this appeal because defendant has not filed a transcript.

Plaintiff has moved to dismiss the appeal for failure to file a transcript. She argues that, without a transcript, this court cannot determine if substantial evidence supported the trial court's judgment or if the trial court correctly applied the law. We agree.

Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to us. This rule requires an appellant to file a transcript and prepare a

legal file so that the record contains all the evidence necessary to determine the questions presented to this court to decide. *Bastain v. Brown,* 28 S.W.3d 494, 495 (Mo. App.2000). Without the required record, there is nothing for this court to review. *Id.*

The legal file reflects that the trial proceedings were recorded on tape. However, defendant has not filed a transcript of the trial. Defendant argues that all of the questions presented are questions of law, which can be decided without the transcript. She further contends that, even if the transcript were necessary, it would be respondent's duty under Rule 81.12(c) to file it or this court's duty under Rule 81.12(e) to order it filed. We disagree with both of these contentions.

Each point on appeal raises issues that require us to consult the trial transcript to determine what evidence was in the record and what proceedings occurred at trial to effect the challenged judgment. In some of the points defendant argues the court applied the incorrect law to situations represented by exhibits. We cannot determine whether the law was correctly or incorrectly applied without a transcript to show the factual or procedural background for the application of law. We do not know whether evidence in the transcript may have been critical to the court's choice of law or interpretation of documents. *See In re McDonald Revocable Trust,* 942 S.W.2d 926, 933 (Mo.App.1997). We cannot consider exhibits without knowing what testimony was offered with respect to those exhibits [1] or on what basis or under what circumstances they were admitted. Complaints that the judgment went beyond the scope of the pleadings cannot be reviewed without looking at the transcript to see if the pleadings were amended during trial by the evidence, or otherwise, or to see if the evidence brought the matter within the scope of the pleadings. Claims attacking the trial court's conclusions cannot be reviewed without consulting the entire record to determine if the trial court's result was correct, even if the reasoning was erroneous. Further, many of defendant's arguments boil down to her disagreement with the trial court's determination of credibility or the weight of the evidence and thus are not legal questions at all.

Although Rule 81.12(c) allows a respondent who is dissatisfied with the record on appeal to add to that record and Rule 81.12(e) allows this court to order supplements to the record, these provisions do not relieve an appellant of the duty to compile the record and to order the transcript. "If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto." *Ellis v. Farmers Ins. Group,* 659 S.W.2d 3, 4 (Mo.App.1983). If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, the appeal must be dismissed. *Rhodes v. Zhang,* 7 S.W.3d 7, 8 (Mo.App.1999); *Bastain,* 28 S.W.3d at 495; *Martin v. Missouri Dep't of Social Servs.,* 997 S.W.2d 48, 49 (Mo. App.1999).

Appeal dismissed. Plaintiff's motion for damages for frivolous appeal is denied.

---

**1.** Moreover, entries on the clerk's "Trial Exhibits Log Sheet" do not substitute for the exhibits themselves.