Nicholas P. ZLOTOPOLSKI,
Respondent/Cross–
Appellant,

v.

DIRECTOR OF REVENUE,
Appellant/Cross–
Respondent.

No. ED 78828.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, MO, for appellant.

Robert S. Adler, St. Louis, MO, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals and Nicholas P. Zlotopolski (Driver) cross-appeals from the circuit court's Order and Judgment (judgment) upholding Driver's February 25, 1999 arrest for an alcohol-related traffic offense, and, due to Driver's young age at the time of that arrest, ordering Director to expunge Driver's records and to permit Driver to obtain reinstatement and maintain his license without the filing of proof of insurance. We dismiss the appeal and cross-appeal because the record is insufficient for review of the issues on appeal.[1]

After Driver's February 25, 1999 arrest for an alcohol-related traffic offense, Director revoked Driver's license effective June 1, 1999. Through a petition for trial *de novo*, Driver sought judicial review of Director's decision under Section 302.500 *et seq.* RSMo Cum.Supp.1998.[2]

The traffic commissioner reviewing the matter, denied Driver's request for relief and sustained Director's order revoking Driver's driving privileges. Expressly noting the matter was "[p]artially [hea]rd on 10/5 and 11/9 + 12/7" and that "[e]vidence [was] adduced," the traffic commissioner found "[t]hat on 2/25/99 the arresting officer had ... probable cause to arrest [Driver] for driving while intoxicated or an alcohol-related offense; and, ... [t]hat [Driver] had ... a blood alcohol concentration of .10% or more by weight."

Driver objected to the traffic commissioner's findings and requested a hearing before a judge. Driver's motion for a hearing by a judge was granted. Thereafter, both parties expressly asked the circuit court to review the "case as submitted on the evidence in the court file" and Driver agreed to provide the circuit court with "a written transcript of the proceedings ... before" the traffic commissioner. The record on appeal does not contain such a transcript, and the circuit court's docket sheet does not reflect that such a transcript was filed after the traffic commissioner issued her decision and before the circuit court's decision.

After hearing argument "on the record of proceedings before" the traffic commis-

---

1. Driver's motion to dismiss the appeal and Director's motion to dismiss the cross-appeal are denied. To the extent Director in his motion to dismiss also sought designation as the "appellant" in this appellate proceeding, we denominated Director as the appellant by order filed May 14, 2001.

2. Unless otherwise indicated, all subsequent statutory citations are to RSMo Cum.Supp. 1998.

sioner, the circuit court entered its judgment. In relevant part, the judgment provided that,

> [p]ursuant to *Baldwin vs. DOR*, W.D. 57567 6/27/00,[3] the Director of Revenue must expunge the official records and recordations of [Driver's] suspensions or revocations *and* [Driver] is not required to file [proof of insurance] as a prerequisite to reinstatement *or* to maintain his driver's license as a result of this occur[r]ence.

(footnote added). The record on appeal does not contain a copy of any transcript of the proceedings before the circuit court.

In his only point, Director contends the circuit court erroneously declared and applied the law by ordering the expungement of Driver's record and by ordering reinstatement of Driver's license without proof of insurance because there was clear evidence that the February 1999 incident was Driver's second alcohol-related driving offense. Director urges the relevant expungement statute, Section 302.545, and the relevant statute pertaining to an exemption from the proof of insurance requirement, Section 302.541, apply only to a "first determination" that a driver under twenty-one was driving with excessive blood alcohol content. In his brief, Driver has sought dismissal of Director's appeal, challenged Exhibit E filed by Director on appeal as improper absent a transcript, and urged the circuit court correctly ordered both the expungement and that Driver need not comply with the proof of insurance requirement.

To resolve the issues before us we need to know that Driver's Missouri Driver Record, which was part of Director's Exhibit E, an affidavit and various business records of the Department of Revenue, was admitted into evidence before the circuit court. *Wampler v. Director of Revenue*, 48 S.W.3d 32 (Mo. banc 2001). Based on the record available to us, we are unable to conclude Driver's Missouri Driver Record was introduced into evidence for consideration by the circuit court. A transcript of the proceedings before either the traffic commissioner or the circuit court judge has not been provided to us, and no other document from either of those proceedings indicates that Exhibit E was actually accepted as evidence by an offer, by stipulation, or by any other proper means.

To the extent the parties could properly stipulate to submission of the matter to the circuit court "on the evidence in the court file," nothing in the written record on appeal establishes that Driver's Missouri Driver Record was in the court file prior to the circuit court's judgment. Driver's Missouri Driver Record was not attached to Director's response to Driver's original petition for trial *de novo* and the record does not contain Director's response to Driver's amended petition for trial *de novo*. Documentation in the record indicates Director may have filed Driver's Missouri Driver Record in July 1999. However, the circuit court docket sheet entries available to us do not reveal such a filing, and the copy of Exhibit E containing Driver's Missouri Driver Record that is before us on appeal does not contain a file-stamped date indicating it was filed in the circuit court record.

Rule 81.12(a) requires the record on appeal to "contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." To

---

**3.** Subsequently, the Missouri Supreme Court considered that decision. *Baldwin v. Director* *of Revenue*, 38 S.W.3d 401 (Mo. banc 2001).

comply with this rule, the appellant must file a transcript and prepare a legal file of the record, proceedings and evidence necessary to resolve the issues on appeal. *Lake Tishomingo Property Owners Ass'n v. Klein*, 872 S.W.2d 569, 570 (Mo.App. E.D.1994); Rule 81.12(c). Importantly, a transcript is necessary on appeal to verify factual statements made by the parties in their briefs and to verify which exhibits were admitted into evidence. *Lake Tishomingo Property Owners Ass'n*, 872 S.W.2d at 571. Additionally, "[w]e cannot consider exhibits without knowing what testimony was offered with respect to those exhibits or on what basis or under what circumstances they were admitted" (footnote omitted). *Buford v. Mello*, 40 S.W.3d 400, 402 (Mo.App. E.D.2001). When there is an incomplete record on appeal, we dismiss the appeal. *Id.* (no transcript necessary to decide appeal filed); *Martin v. Missouri Dep't of Social Servs., Div. of Child Support Enforcement*, 997 S.W.2d 48, 49 (Mo.App. E.D.1999) (no documents and no evidence necessary to resolve issues on appeal filed).

Here, the absence of a transcript and the absence of any indication of record that Driver's Missouri Driver Record was admitted and considered by the circuit court, precludes our review of the issues on appeal.

■ To the extent Director argues we may decide whether or not the relevant statutory provisions apply even in the absence of Driver's Missouri Driver Record, we disagree. "We cannot determine whether the law was correctly or incorrectly applied without a transcript to show the factual or procedural background for the application of law." *Buford*, 40 S.W.3d at 402.

The appeal and cross-appeal are dismissed.

GEORGE W. DRAPER III, Presiding Judge and MARY R. RUSSELL, Judge, concur.