**GRANADA BOARD OF MANAGERS,**
**Plaintiff,**

**and**

**Repairs Unlimited, Inc.,**
**Intervenor/Respondent,**

**v.**

**Antoine COFFER,**
**Defendant/Appellant.**

**No. ED 79515.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 30, 2002.

Ryan S. Shaughnessy, Shaughnessy Law Firm, St. Louis, for appellant.

Shinners Turciotte & Larraw, Paul C. Hetterman, Clayton, for respondent.

MARY K. HOFF, Judge.

Antoine Coffer (Appellant) appeals from the trial court's judgment in favor of Repair Unlimited, Inc. (Respondent) in a breach of contract action arising from repairs performed by Respondent to Appellant's condominium unit. We dismiss the appeal on the grounds that the record on appeal is insufficient because Appellant failed to file a transcript of the trial with this Court under Supreme Court Rule 81.12(a).

Following a fire which caused substantial damage to the condominium unit owned by Appellant, he made a claim for the loss and damages caused by the fire against an insurance policy procured by the trustees of Granada Condominium (Granada) for the benefit of Granada unit owners. The insurance carrier paid the proceeds from the insurance policy to the trustees of Granada. Appellant thereafter entered into a written construction contract with Respondent to repair the fire damage to his condominium unit.

At the time of the settlement of the insurance claim, Appellant had failed to pay certain condominium assessments made by the Granada Condominium Board of Managers (Granada Board). Granada Board filed an interpleader action requesting that it be permitted to retain or otherwise set off the delinquent condominium assessments against the insurance proceeds.

Subsequent to the filing of the original petition by Granada Board, a dispute arose between Respondent and Appellant regarding the extent and quality of the work performed by Respondent. Respondent moved to intervene in the interpleader action and was granted leave to file its petition. Respondent then filed a petition against Appellant alleging he breached a written construction contract by refusing to pay for the completed repairs to the condominium unit.

Appellant and Granada Board entered into a settlement agreement regarding the delinquent condominium assessments, and the matter then proceeded to trial on only the breach of contract claim asserted by Respondent. The trial court entered judgment in favor of Respondent and ordered Appellant to pay damages in the amount of $20,197.00.

Appellant raises two points on appeal. First, he contends the trial court erred by entering judgment in favor of Respondent without making any specific findings of fact and conclusions of law. Appellant asserts he made a timely and specific written request for findings of fact and conclusions of law, and that findings of fact and conclusions of law are necessary for meaningful appellate review of his claims of error. Second, Appellant claims the trial court lacked subject matter jurisdiction to enter judgment in favor of Respondent because its petition for breach of contract failed to state a claim upon which relief could be granted as a matter of law. Appellant avers the judgment of the trial court in

favor of Respondent was based on a theory of part performance or quantum meruit, whereas Respondent only asserted a cause of action for breach of an express written contract. We do not reach the merits of this appeal because Appellant has not filed a transcript with this Court.

█ Rule 81.12(a) provides that the "record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented" to the Court. The rules requires the appellant to file a transcript and prepare a legal file so that the record contains all of the evidence necessary to determine the questions presented to this Court to decide. *Bastain v. Brown*, 28 S.W.3d 494 (Mo.App. E.D.2000). The transcript shall contain "the portions of the proceedings and evidence not previously reduced to written form." Rule 81.12(a). It is Appellant's duty to order and file the transcript. Rule 81.12(c)-(d); *Buford v. Mello*, 40 S.W.3d 400, 401–402 (Mo.App. E.D.2001). Failure to comply with the rules of procedure is grounds for dismissal. *State v. Logan*, 46 S.W.3d 590 (Mo.App. E.D.2001).

The legal file contains a minute entry dated March 26, 2001, which shows that the trial was recorded by sound recording. However, Appellant has not filed a copy of the transcript from the trial proceedings. "Without a transcript, we cannot rule on the issues raised by [A]ppellant with any degree of confidence in the reasonableness, fairness, and accuracy of our final conclusion." *Rhodes v. Zhang*, 7 S.W.3d 7, 8 (Mo.App. E.D.1999).

Each point on appeal raises issues that require us to consult the trial transcript to determine what evidence was in the record and what proceedings occurred at trial to affect the challenged judgment. In his first point, Appellant asks us to determine whether the requested findings of fact and conclusions of law are necessary for meaningful appellate review of his claims. Without a record of the proceedings before the trial court, we cannot make such a determination. Likewise, we cannot rule on Appellant's second point without the trial transcript. "Complaints that the judgment went beyond the scope of the pleadings cannot be reviewed without looking at the transcript to see if the pleadings were amended during trial by the evidence, or otherwise or to see if the evidence brought the matter within the scope of the pleadings." *Buford*, 40 S.W.3d at 402.

Appeal dismissed.[1]

GEORGE W. DRAPER III, Presiding Judge, and MARY R. RUSSELL, Judge, concur.

---

1. Through this opinion, Respondent's Motion to Dismiss taken with the case is hereby granted.