**Harry RICKETTS, et al., Respondents,**

v.

**Steven G. SEAGRASS and Barbara Seagrass, Appellants.**

**No. ED 80860.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 2003.

Robert Henry Branom, Jr., St. Louis, MO, for Appellants.

Joseph T. Bante, St. Louis, MO, for Respondents.

BOOKER T. SHAW, Judge.

Appellants Steven and Barbara Seagrass (the "Seagrasses") appeal from a judgment entered in favor of Respondents Harry Ricketts and David Bozoarth ("Respondents") on their petition alleging breach of contract and unjust enrichment. The Seagrasses argue the trial court erred in awarding damages to Respondents because Respondents failed to: (1) prove that a contract existed; and (2) offer evidence of their damages. We dismiss the appeal because the Seagrasses failed to file a transcript of the trial court proceedings

as required by Missouri Supreme Court Rule 81.12.

The Seagrasses are homeowners in St. Louis County, who undertook a project to renovate their home. During the course of the project, Respondents performed work on the Seagrasses' home and a dispute subsequently arose between the parties relating to the work. On June 28, 2001, Respondents filed suit in the Associate Division of the Circuit Court of St. Louis County against the Seagrasses alleging breach of contract and unjust enrichment. The Seagrasses filed a counterclaim for damages to their home allegedly caused by Respondents. The court found in favor of the Seagrasses on Respondents' claim and awarded the Seagrasses $4,600.00 on their counterclaim.

Subsequently, Respondents filed an application for trial *de novo* pursuant to Section 482.365, RSMo 2000. On January 17, 2002, the case was tried before the Circuit Court of St. Louis County. The trial court entered its judgment in favor of Respondents on their claims against the Seagrasses and awarded Respondents $2,790.00. The Seagrasses appeal from this court's judgment.[1]

Missouri Supreme Court Rule 81.12 requires the appellant to compile the record on appeal and "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a) & (c); *Buford v. Mello*, 40 S.W.3d 400, 401–402 (Mo.App. E.D.2001). Specifically, if the proceedings were recorded electronically, the appellant must order the transcript in writing from the clerk of the trial court. Rule 81.12(c). The appellant must then file in the court of appeals, and serve on

---

1. The trial court also entered judgment in favor of Respondents on the Seagrasses' counterclaim. However, the Seagrasses do not appeal this portion of the judgment.

the other party, a certificate stating the date on which the transcript was ordered and the date on which the transcript charges were paid within ten days after payment of the charges. *Id.*

Here, the trial court docket sheet reflects this case was "maintained by an electronic recording device," resulting in sound recording tapes of the proceedings. Thus, in accordance with Rule 81.12(c), the Seagrasses were required to file a copy of the trial court transcript in this Court. Because the Seagrasses failed to do so, the record is incomplete and there is nothing for this court to review. *Buford,* 40 S.W.3d 400 at 402.

The appeal is dismissed.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.