**Steven J. PIERSON, Sr., Respondent,**

v.

**Mary Ann LAUT, Appellant.**

**No. ED 81622.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 26, 2003.

Irwin M. Roitman, St. Louis, MO, for appellant.

Nathan S. Cohen, Clayton, MO, for respondent.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Mary Ann Laut appeals the judgment denying her petition for a declaration of a resulting trust. We dismiss the appeal.

## I. BACKGROUND

The judgment contains the following findings of fact. Laut and Steven Pierson lived together for several years, but were never married. The first house they lived in was originally titled in Pierson's name and subsequently held in both parties' names for a period of time. Laut then quitclaimed her interest in the first house to Pierson, and he purchased another residence in his name only. The parties lived together at this house for some period of time, but later separated. Laut sought a declaration that she had an interest in the second home by way of a resulting trust.

The trial court held a bench trial and entered judgment finding that Laut did not meet her burden of proving a resulting trust. The court stated that the only credible evidence indicated that Pierson was the sole financial contributor toward both properties. Laut appeals.

## II. DISCUSSION

Laut's appeal must be dismissed because she failed to supply this Court with an adequate record under Rule 81.12.[1] That rule mandates that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). Although Rule 81.12(c) allows a dissatisfied respondent to supplement the record on appeal and Rule 81.12(e) permits this Court to order that the record be supplemented, it is neither respondent's nor this Court's duty to obtain the materials necessary to determine an appellant's points on appeal. *See Buford v. Mello,* 40 S.W.3d 400, 402 (Mo.App. E.D.2001). Instead, the rule makes clear that it is the appellant's duty to compile the record on appeal. Rule 81.12(c); *Buford,* 40 S.W.3d

---

1. All rule references are to the Missouri Rules of Court (2003).

at 402. Absent the required record, this Court has nothing to review. *Buford,* 40 S.W.3d at 402.

Here, the record contains only the legal file, which consists of the trial court's docket entries, Laut's petition, Pierson's answer and the judgment. The docket indicates that a court reporter was assigned to the bench trial, but Laut has failed to file a trial transcript.[2] The record is devoid of any evidence presented to the trial court.

However Laut's point on appeal is construed, we cannot effectively review it with the scant information in this record. When we review a court-tried case, the trial court's judgment will be sustained unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, the judgment erroneously declares the law, or the judgment erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Clearly we cannot review evidentiary sufficiency claims without knowing the evidence presented, and Laut's brief fails to identify any erroneous declaration of law by the trial court. Instead, her claim on appeal seems to be that the trial court erroneously applied the law of resulting trusts, which necessitates a review of the evidence. "We cannot determine whether the law was correctly or incorrectly applied without a transcript to show the factual or procedural background for the application of law." *Buford,* 40 S.W.3d at 402. In short, Laut's claim requires us to consult the trial transcript so we can determine what evidence was presented and what proceedings took place at trial that led to the challenged judgment.

---

**2.** Laut initially notified this Court that the record would contain both the legal file and a transcript, but ultimately filed only the legal file. If there was a transcript, Laut had a duty to order it. *See* Rule 81.12(c).

*See id.* When an appellant fails to provide this Court with everything necessary to determine all questions presented, dismissal is appropriate. *Id.*

## III. CONCLUSION

The appeal is dismissed.[3]

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J. concurring.

---

**3.** Pierson's motion to strike Laut's brief is denied as moot.