**In the Interest of T.F., a minor,**

**In the Interest of B.F., a minor,**

**In the Interest of G.F., a minor,**

**In the Interest of K.D.F., a minor,**

**Raymond J. Grush, Juvenile Officer, Petitioner/Respondent,**

v.

**K.F. and T.F., Respondents/Appellants.**

**No. ED 84066.**

Missouri Court of Appeals, Eastern District, Division Two.

June 29, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 2004.

Application for Transfer Denied Sept. 28, 2004.

W. Bevis Schock, St. Louis, MO, for appellant.

John J. Smith, St. Charles, MO, for respondent.

Henry Gerhardt, St. Charles, MO, Guardian Ad Litem.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

K.F. (father) and T.F. (mother) (collectively, "parents") filed, with leave, a late notice of appeal from a December 15, 2003 judgment determining that the court had jurisdiction over each of their four children and that each child's care and treatment could be provided in each child's own home, subject to the supervision of the Missouri Division of Family Services ("DFS"). For their sole point on appeal, they claim that the administrative judge of the St. Charles County Family Court erred in entering a judgment on September 30, 2003, denying their motion to disclose all information related to the trial in the juvenile action to father's attorney and to other professionals in a criminal prosecution against father. The juvenile officer has filed a motion to dismiss the appeal on various jurisdictional and procedural grounds, which motion was taken with the case. We dismiss the appeal.

On March 13, 2003, a St. Charles County juvenile officer, Raymond J. Grush, filed a petition pursuant to Section 211.031 RSMo (2000), alleging T.F., son of parents, was in need of care, custody and support because he had sustained serious and unexplained brain injuries while in his parents' care, custody, and control, inflicted in violation of section 211.031.1(1)(b) RSMo (2000). The juvenile officer also filed petitions for each of T.F.'s siblings, B.F., G.F., and K.D.F. The commissioner of the family court heard evidence on September 8, 9, and 10, 2003. On September 26, 2003, the administrative judge of the family court, Judge Joseph R. Briscoe, adopted the commissioner's Findings, Recommendations, Orders and Judgment of Jurisdiction, and took jurisdiction of the four children. The court found that T.F. had suffered serious brain injuries while in parents' care. It awarded legal custody of the children to the Missouri Division of Children's Services and physical custody to mother, pending the disposition of the case. On December 15, 2003, Judge Briscoe adopted and confirmed the commissioner's Findings and Recommendations of Disposition determining that the court had jurisdiction over each child pursuant to Section 211.031.1(1)(b) and that the care and treatment required by each child can be furnished in his or her own home under the supervision of DFS, and placing the children in the legal custody of the Children's Division and in the physical custody of mother. A review of disposition was set for Monday, March 22, 2004.

While the juvenile case was pending, on September 23, 2003, parents filed a motion in juvenile court to disclose to father's attorneys and other experts in an unidentified criminal case all information related to the juvenile trial, in particular the transcripts of the juvenile officer's experts, contending that nondisclosure would jeopardize parents' rights to a fair criminal trial. Upon motion of the juvenile officer, the commissioner transferred the motion to the administrative judge of the family court, who was Judge Briscoe. Judge Briscoe heard argument on September 30, 2003, and denied the motion for the reasons that the records were confidential under Section 211.011 RSMo (2000) and parents had not adduced evidence that the witnesses in the juvenile case were biased or that bias could not otherwise be shown.

The juvenile officer has asserted numerous grounds to support his claim that this appeal should be dismissed. The unusual procedure parents have employed to obtain disclosure and to appeal the denial of their motion as a part of the juvenile proceeding[1] raises a host of jurisdictional and procedural problems. As an initial matter, no transcript or exhibits relating to the disclosure request were filed with this court. The absence of a record filed with this court upon which the question presented for review can be heard on appeal precludes our review and obviates our need to discuss any of the other reasons supporting dismissal of this appeal.

According to the judgment, at the hearing on their motion, parents argued that they were entitled to a record of the proceedings in the juvenile case in order to assure that the witnesses would not testify differently in the criminal case. The family court determined that, in the absence of evidence of bias that could not be otherwise demonstrated, it would not release the records. If review on the merits were warranted, we would review the denial of parents' motion for abuse of discretion. *J.A.C.*, 716 S.W.2d at 815.

■ This appeal must be dismissed because parents did not file any transcript or exhibits that would allow us to determine whether the family court abused its discretion in denying the motion. Rule 81.12(a) requires the record on appeal to contain all of the record, proceedings, and evidence necessary to the determination of all questions presented to us. "This rule requires an appellant to file a transcript and prepare a legal file so that the record contains all the evidence necessary to determine the questions presented to this court to decide." *Buford v. Mello,* 40 S.W.3d 400, 401–02 (Mo.App.2001). Without the required record, this court has nothing to review. *Id.*

■ Nothing in the record indicates that parents sought an *in camera* review of the records they wanted disclosed or had those records identified as exhibits. No such records have been filed with this court. There is no transcript of any testimony in the family court related to the disclosure of the records. Further, there is no record of the alleged criminal proceeding for which the records were sought. Accordingly, there is no basis in the record for us to determine if the family court abused its discretion in determining that the confidential records were not subject to disclosure on the grounds of witness bias or otherwise. "If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto." *Ellis v. Farmers Ins. Group,* 659 S.W.2d 3, 4 (Mo.App.1983). If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, we must dismiss the appeal. *Mello,* 40 S.W.3d at 402; *Rhodes v. Zhang,* 7 S.W.3d 7, 8 (Mo. App.1999); *Martin v. Missouri Dep't of Social Servs.,* 997 S.W.2d 48, 49 (Mo.App. 1999).

Appeal dismissed.

---

1. Reported cases indicate other methods have been used to obtain juvenile records. The request for release of confidential juvenile records for use in a criminal proceeding has been made as part of the discovery process in the criminal proceeding where a full record can be made and the denial can be considered on appeal from the criminal conviction. *See State v. Davison,* 884 S.W.2d 701, 703 (Mo. App.1994). In addition, such a request has been made as an independent proceeding, and an appeal taken from the denial thereof. *See In Interest of J.A.C.,* 716 S.W.2d 813 (Mo. App.1986).