**Aaron BISHOP, Respondent,**

v.

**HEARTLAND CHEVROLET, INC., Appellant.**

**No. WD 62951.**

Missouri Court of Appeals,
Western District.

Jan. 18, 2005.

Richard R. Fritz, Kansas City, MO, for appellant.

Brendan J. Donelon, Kansas City, MO, for respondent.

Before RONALD R. HOLLIGER, Presiding Judge, PATRICIA BRECKENRIDGE, Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Appellant Heartland Chevrolet, Inc. appeals from a $47,500 judgment entered in the Circuit Court of Jackson County in

favor of Respondent Aaron Bishop in an action filed by Bishop in which he claimed he was unlawfully terminated from his employment with Heartland in retaliation for exercising his rights under the workers' compensation law in violation of § 287.780.[1] Heartland also appeals from the trial court's order granting Bishop's motion to enforce a settlement agreement between the parties and ordering specific performance of the agreement. Because Heartland failed to provide an adequate record on appeal for this Court to determine whether the trial court's order enforcing the settlement agreement was proper, the appeal is dismissed.

On July 19, 2001, Bishop filed a claim for workers' compensation benefits for head injuries that he had sustained while working at Heartland on June 28 and July 17, 2001. Following the latter injury, Bishop's doctor placed restrictions on Bishop that prevented him from returning to work until he had sufficiently recovered.[2] Subsequently, on November 23, 2001, Heartland president and owner Ted Potts sent Bishop a letter informing him that he was being replaced and that he would no longer be employed by Heartland as of December 5, 2001. On February 28, 2002, Bishop filed a petition in the Circuit Court of Jackson County asserting that he had been unlawfully terminated from his employment in retaliation for his exercising of his rights under the workers' compensation statutes.

The case was tried on April 21, 22, and 23, 2003, and the jury returned a verdict in favor of Bishop. The jury awarded Bishop $40,000 in back-wages and $7,500 for pain and suffering, for a total of $47,500. The trial court entered judgment in accordance with the jury's verdict. After its post-trial motions were denied, Heartland timely filed its notice of appeal on June 19, 2003.

Subsequently, Bishop filed a motion to enforce a settlement agreement that he claimed had been reached by the parties prior to Heartland's filing of its notice of appeal. Bishop asserted that Heartland's attorney had accepted, on behalf of Heartland, an offer to settle the matter for the amount of the verdict; had agreed upon the terms of the settlement agreement; had received settlement paperwork executed by Bishop; and had received a check made out to Bishop from Heartland's insurer in the amount of the judgment. Bishop claimed that his attorney and Heartland's attorney had agreed that Heartland's attorney would simply hold onto the check until an attorney's lien asserted by another attorney was resolved. Bishop indicated that, after the lien issue was resolved, his attorney requested delivery of the check from Heartland's attorney but was told that Heartland had fired trial counsel, refused to tender the settlement check, and had decided to pursue an appeal.

Subsequently, on September 25, 2003, this Court entered its order holding that a ruling on Respondent's motion to enforce the settlement agreement might require an evidentiary hearing and that any such hearing should be conducted by the trial court. This Court stayed the appeal and remanded the cause to the trial court "for the limited purpose of ruling on Respondent's motion to enforce a settlement agreement."

After conducting an evidentiary hearing and considering briefs filed by the parties, on March 25, 2004, the trial court entered its order directing that the $47,500 check issued by Heartland's insurer be delivered

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. Appellant was ultimately released to return to work on January 18, 2002.

to Plaintiff's attorney and that plaintiff's attorney enter satisfaction of judgment upon receipt of that payment. Heartland brings six points on appeal from that order and the judgment entered against it in the underlying action.

In one of its points, Heartland challenges the trial court's order directing it to deliver the settlement check to Bishop and for Bishop to then enter a satisfaction of judgment. Heartland contends that the evidence presented at the evidentiary hearing was insufficient to establish that Heartland or its attorney had ever agreed to settle the case. Heartland further asserts that any issue related to the settlement of the case is not properly before this court because no specific factual finding was entered by the trial court as to the existence of a settlement agreement.

With regard to Heartland's latter argument, a finding that a valid settlement agreement existed is implicit in the trial court's order. Accordingly, the propriety of that order is properly before this Court on appeal.

■■■ "[A]n agreement to settle a lawsuit may be enforced by motion." *Ingram v. Rinehart,* 108 S.W.3d 783, 787 (Mo.App. W.D.2003). "A motion to compel settlement adds to a pending action a collateral action for specific performance of the settlement agreement." *Beck v. Shrum,* 18 S.W.3d 8, 10 (Mo.App. E.D.2000). "The party requesting specific performance of a settlement agreement has the burden of

proving, by clear, convincing and satisfactory evidence, his or her claim for relief." *Id.* "The trial court is afforded much discretion in deciding whether to award the equitable remedy of specific performance." *Id.* An order granting or denying enforcement of a settlement agreement is an appealable order. *Ingram,* 108 S.W.3d at 788.[3]

Acting upon Bishop's motion to enforce the settlement agreement, the trial court ordered Heartland to tender the $47,500 settlement check that had been issued by its insurer to Bishop and for Bishop to then enter satisfaction of the judgment. This order granted specific performance of the settlement agreement consistent with the terms of the agreement averred in Bishop's motion. In order to grant specific performance of the agreement, the trial court had to have found that such an agreement existed. Thus, a finding that a valid settlement agreement existed between the parties is clearly implicit in the trial court's order.

■■■ With regard to the sufficiency of the evidence to support the trial court's order, Heartland contends that the evidence presented failed to establish that Heartland or its attorney ever agreed to settle the case. Heartland argues that the testimony of its trial counsel reflects that he never communicated that he had the authority to enter into a settlement agreement[4] or that he was agreeing to any terms of a settlement agreement.

---

3. An order denying such a motion to enforce a settlement agreement does not become appealable until final judgment has been rendered in the case. *Id.*

4. " '[A] party who contends that an attorney lacked authority to bind him [or her] in a particular way bears a heavy burden.' " *Bolander v. City of Green City,* 35 S.W.3d 432, 440 (Mo.App. W.D.2000) (quoting *Jacobs v. Georgiou,* 922 S.W.2d 765, 770 (Mo.App. E.D.

1996)). "While there is no implied authority for attorneys to settle cases on behalf of their clients, 'in cases where an attorney represents that he or she has authority from the client to accept a settlement offer, and did reach an agreement with the other party's counsel to settle, Missouri courts have placed a substantial burden on the client to disprove his own attorney's authority if the client wishes to avoid the settlement.' " *Id.* (quoting *Southwestern Bell Yellow Pages, Inc. v. Dye,* 875

Heartland has failed, however, to include in the record on appeal a transcript of the evidentiary hearing conducted by the trial court. It thereby leaves this Court with no means by which to assess whether the trial court had an adequate evidentiary basis for finding that a binding settlement agreement had been reached.

■■■■ "Missouri Supreme Court Rule 81.12 requires the appellant to compile the record on appeal." *Ricketts v. Seagrass,* 99 S.W.3d 515, 516 (Mo.App. E.D.2003). The record on appeal must " 'contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented.' " *State ex rel. Bacchus v. Armstrong,* 106 S.W.3d 605, 607 (Mo.App. W.D.2003) (quoting *Rule 81.12(a)* ). "To comply with this rule, the appellant must file a transcript and prepare a legal file of the record, proceedings and evidence necessary to resolve the issues on appeal." *Zlotopolski v. Dir. of Revenue,* 62 S.W.3d 466, 468–69 (Mo.App. E.D.2001).[5] Failure to comply with this rule is grounds for dismissal. *Granada Bd. of Managers v. Coffer,* 73 S.W.3d 874, 876 (Mo.App. E.D.2002).

■■■■ The record reflects that the trial court conducted an evidentiary hearing on Bishop's motion to enforce settlement on November 20, 2003, and that testimony and exhibits were presented to the court at that time. While Heartland has filed a supplemental legal file containing the parties' pleadings and the trial court's order granting Bishop's motion to enforce settlement, Heartland has failed to include a transcript of the evidentiary hearing in the record on appeal.

In order to review a claim asserting that the evidence was insufficient to support a finding by the trial court, this court must examine all of the evidence presented to the court related to that finding in order to determine whether it provides an adequate basis for the court's finding. Without a copy of the evidentiary hearing transcript in the record, this Court has no way of knowing what testimony or evidence was presented to the trial court. "Clearly we cannot review evidentiary sufficiency claims without knowing the evidence presented." *Pierson v. Laut,* 113 S.W.3d 298, 300 (Mo.App. E.D.2003). By failing to file the transcript of the evidentiary hearing, Heartland has left this court with no means by which to assess whether the trial court had a sufficient evidentiary basis to conclude that a settlement agreement existed. *See Bolander,* 35 S.W.3d at 440.

Where, as here, "an appellant fails to provide this Court with everything necessary to determine all of the questions presented, dismissal is appropriate." *Pierson,* 113 S.W.3d at 300. Because Heartland has failed to provide this Court with the necessary record to review its claims, we dismiss its appeal.[6]

S.W.2d 557, 561 (Mo.App. E.D.1994)). "In fact, '[o]nly where the trier of fact has been convinced that authority to settle was truly lacking, or where the evidence has been deemed insufficient to raise the presumption of attorney authority, have our courts allowed clients to avoid or attempt to avoid settlements concluded by their attorneys.' " *Id.* (quoting *Dye,* 875 S.W.2d at 562).

5. "[A] transcript is necessary on appeal to verify factual statements made by the parties in their briefs and to verify which exhibits were admitted into evidence." *Id.* at 469. "Additionally, '[w]e cannot consider exhibits without knowing what testimony was offered with respect to those exhibits or on what basis or under what circumstances they were admitted.' " *Id.* (quoting *Buford v. Mello,* 40 S.W.3d 400, 402 (Mo.App. E.D.2001)).

6. Having determined that the trial court's order enforcing the settlement agreement between the parties should not be reversed, the cause is deemed to have been settled. Accordingly, we need not address Heartland's

Bishop has filed a motion for sanctions for filing a frivolous appeal pursuant to Rule 84.19. After a careful review of the record before us, we decline to exercise our discretion to award sanctions, and the motion is denied.

Appeal dismissed.

All concur.

points on appeal asserting claims of trial error because those claims have been rendered moot by the settlement of the action. *Pro-motional Consultants, Inc. v. Logsdon,* 25 S.W.3d 501, 506 (Mo.App. E.D.2000).