**John FLOWERS, Marilyn Flowers, and Norman Smith, Plaintiffs–Appellants,**

v.

**McDONALD COUNTY, Missouri, Defendant–Respondent.**

No. 26914.

Missouri Court of Appeals, Southern District, Division One.

May 9, 2006.

Motion for Rehearing or Transfer to Supreme Court Denied May 31, 2006.

Daniel D. Whitworth, Joplin, for appellants.

Greg R. Bridges, Evenson & Carlin, LLC, Pineville, for respondent.

JOHN E. PARRISH, Judge.

This is an appeal of a summary judgment entered in an action in which John Flowers, Marilyn Flowers, and Norman Smith (plaintiffs) sought to collect the face amount of a bond, together with accrued interest, issued by McDonald County in 1871. The trial court granted summary judgment for the county on plaintiffs' claim and on a counterclaim the county brought seeking delivery of the bond that was the subject of plaintiffs' action. The trial court found that plaintiffs' claim was barred by the statute of limitations although "there arguably remains a material issue of fact as to whether said bond was paid." Plaintiffs' assert error in the trial court's determination that their claim is barred by the statute of limitations.

Plaintiffs present two points on appeal. They claim the statute of limitations the trial court found applicable, § 516.110,[1] does not apply. In Point I, plaintiffs argue that § 516.110, the ten-year statute of limitations, is not applicable "because genuine issues of material fact remain in that the face of the bond states that it is 'redeemable at the pleasure of the county,' and, therefore the cause of action did not begin accruing in 1874." They further assert, in Point II, that § 516.110 is not applicable because the county treasurer re-acknowledged the indebtedness in 1999; that this removed the indebtedness from the statute of limitations.

Although Point II is determinative in that the record on appeal is not sufficient to determine if the requirements of the statutory authority on which plaintiffs' rely were met, the record on appeal is sufficient to resolve Point I on the merits. It will be addressed. The insufficiency of the record with respect to Point II, however, requires that the appeal be dismissed.

In considering an appeal from the entry of a summary judgment, an appellate court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo.banc 1993). The party against whom the summary judgment was entered is accorded the benefit of all reasonable inferences from the record. *Id.* Because the trial court's judgment is founded on the record submitted and the law, we need not defer to its order granting summary judgment. *Id.* Review is essentially *de novo* and the criteria on appeal concerning the propriety of a summary judgment are the same as should be employed by the trial court. *Id.*

*Sears, Roebuck and Co. v. Silch,* 899 S.W.2d 153, 154 (Mo.App.1995).

Plaintiffs possessed a bond dated June 10, 1871, issued by McDonald County.

---

1. References to statutes are to RSMo 1994, the revision in effect June 10, 1999. Those statutes were unchanged in RSMo 2000.

The face amount of the bond is $100. The bond recites that it is payable to bearer June 1, 1874. It bears interest at the rate of ten percent (10%) per annum. Three interest coupons are attached to the bond. The interest coupons state they are redeemable by the bearer. Each coupon is in the amount of ten dollars. They are payable on June 1, 1872, June 1, 1873, and June 1, 1874.

The bond has three statements on its backside. They recite, according to the pleadings filed in this case:

I hereby certify that there is no money in the County Treasury to pay the Bond, principal or interest, this June 28th, 1875. J.C. Baker, County Treasurer, McDonald County, MO.

I hereby certify that there is no money in the County Treasury to pay the Bond, principal or interest, this June 1st, 1876. J.C. Baker, County Treasurer, McDonald County, MO.

I certify that there are no funds in the County Treasury to pay the Bond, principal or interest, this June 10, 1999. Mary L. Shaddox, McDonald County Treasurer, Pineville, MO.

The June 10, 1999, statement was added when John Flowers and Marilyn Flowers presented the bond to the McDonald County Treasurer for redemption.

The county filed its answer to plaintiffs' petition alleging that plaintiffs' action was barred by the statute of limitations and principles of res judicata and laches. It further alleged that the bond was reduced to judgment August 8, 1877, and subsequently paid by the county.

The trial court's findings include:

Plaintiffs' petition was filed July 9, 1999. The cause of action accrued June 1, 1884. The Statute of Limitations has expired 115 years before the institution of this proceeding.

The judgment recites:

There being no genuine issue as to any material fact relating to the assertion of the Statute of Limitations,

**IT IS HEREBY ORDERED** that Defendant McDonald County, Missouri's Motion for Summary Judgment is hereby sustained and granted, and the Court hereby renders Judgment for McDonald County and against the Plaintiffs' on Plaintiffs' Petition to execute bond. Further, regarding Defendant's Counter–Claim, the parties stipulate that Judgment be granted on said Counter–Claim for the Defendant, McDonald County Missouri, and against Plaintiffs' [sic], and that the bond held by Plaintiffs' [sic] be returned to the Defendant for cancellation.

 The county's motion for summary judgment sets forth in paragraph five of its "Material Facts as to Which There is No Genuine Issue to Dispute," the statement "[t]hat said bond was payable to bearer on June 1, 1874." Plaintiffs' response to the motion for summary judgment admits that statement. On appeal, however, plaintiffs contend the face of the bond states it is "redeemable at the pleasure of the county." The suggestions in opposition to the summary judgment motion filed in the trial court argued, however:

The bond in question, except for the interest coupons which have specific payment dates, is "redeemable at the pleasure of the County after the first day of January, A.D. 1874" (See Exhibit F), not necessarily in 1874. A question remains, therefore, as to when the statute of limitations began to run.

438

Thus, the issue to which Point I is directed was before the trial court.[2]

■ The copies of pleadings that were before the trial court that are included in the legal file component of the record on appeal do not include exhibits that were attached to the pleadings or otherwise before the trial court. Thus, whatever "Exhibit F" may disclose is unknown to this court. The county, however, in the respondent's brief filed in this appeal acknowledges that the bond states that it "is 'redeemable at the pleasure of said County ...'." A statement of fact that appears in a brief that is conceded to be true in the adversary's brief may be considered on appeal as though it appears in the record. *Nastasio v. Cinnamon*, 295 S.W.2d 117, 119 (Mo.1956). *See also In re Trust of Nitsche*, 46 S.W.3d 682, 684 (Mo.App. 2001); *Northland Ins. Co. v. Schubert*, 923 S.W.2d 512, 514 (Mo.App.1996). Thus, this court accepts, as fact, that the bond includes the statement that it is redeemable at the pleasure of McDonald County.

The trial court concluded that "[a] close reading would allow an interpretation that the bond can be redeemed after January 1, 1874, and before the payable date if the county has the money and chooses to redeem the bond at an earlier date." It determined that "[p]laintiffs' petition was filed July 9, 1999. The cause of action accrued June 1, 1884. The Statute of Limitations has expired 115 years before the institution of this proceeding," and, upon that basis, granted the county's motion for summary judgment. Point I is directed to the determination of when § 516.110 began to run.

■ The statute of limitations for an action for payment of money begins to run when the obligation to pay arises. *Mark Twain Bank, N.A. v. Platzelman*, 740 S.W.2d 388, 390 (Mo.App.1987). The trial court found that the language in the bond regarding it being redeemable at the pleasure of the county was language that permitted the county to redeem the bond, in its discretion, prior to its June 1, 1874, date of maturity. This court agrees. That language does not affect the date the statute of limitations began running on the obligation. Language that grants the holder of an obligation to pay money discretion to demand payment of the instrument on a date other than its maturity date does not affect the running of the statute of limitations. *Boyd v. Buchanan*, 176 Mo.App. 56, 162 S.W. 1075 (1914). A holder's decision not to exercise a discretionary right does "not redound to the payor's benefit." 162 S.W. at 1075. Point I has no merit.

■ Point II contends that the trial court erred in granting summary judgment in favor of the county on the basis that their claim was barred by Missouri's ten-year statute of limitations, § 516.110, because the statement on the bond that was added when the bond was presented June 10, 1999, is a re-acknowledgment of the indebtedness; that this removed the indebtedness from any applicable statute of limitations.

2. The judgment states that plaintiffs asserted in the trial court that it was uncertain as to when the statute of limitations began to run because the bond includes the language " '... but redeemable at the pleasure of said County after the first day of January A.D. 1874 ...'." "An appellate court will not convict a trial court of error on an issue that was not put before it to decide." *State v. Nunley*, 992 S.W.2d 892, 895 (Mo.App.1999). "To undertake to review an issue not having been decided by the trial court would be akin to rendering an advisory opinion, something appellate courts are wont not to do." *Daniel v. Indiana Mills & Mfg., Inc.*, 103 S.W.3d 302, 318 (Mo. App.2003).

Section 516.100 provides that civil actions, other than for recovery of real property, can only be commenced within the periods prescribed in succeeding sections. Section 516.110 states:

Within ten years:

(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property;

(2) Actions brought on any covenant of warranty contained in any deed of conveyance of land shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in such deed, and actions on any covenant of seizing contained in any such deed shall be brought within ten years after the cause of such action shall accrue;

(3) Actions for relief, not herein otherwise provided for.

Section 516.320 provides, however:

In actions founded on any contract, no acknowledgment or promise hereafter made shall be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of sections 516.100 to 516.370, or deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing subscribed by the party chargeable thereby.

Plaintiffs, in seeking recovery of the debt they assert is represented by the bond in question, rely on the statement on the back of the bond that bears the date, June 10, 1999, as satisfying the requirements of § 516.320 to take the bond "out of the operation of the provisions of sections 516.100 to 516.370," particularly § 516.110, the ten-year statute of limitations. The only allegation regarding this question that this court observes in the record on appeal is the statement in paragraph 12 in the copy of plaintiffs' petition that appears in the legal file. It states:

That on June 10, 1999, Plaintiffs John and Marilyn Flowers presented said Bond to McDonald County Treasurer for redemption. The following statement was written on the back of said Bond when presented for payment:

I certify that there are no funds in the County Treasury to pay the Bond, principal or interest, this June 10, 1999. Mary L. Shaddox, McDonald County Treasurer, Pineville, MO.

That allegation is admitted by the county's answer.

■ This court, however, in considering the appeal of the summary judgment entered in this case "essentially de novo" with "the criteria on appeal concerning the propriety of [the] summary judgment ... the same as should be employed by the trial court," *Sears, Roebuck and Co., supra,* is left without a basis to conclude that the requirements of § 516.320 were met. Section 516.320 requires that in order "to take any case out of the operation of the provisions of sections 516.100 to 516.370," particularly from the operation of § 516.110, an acknowledgment of the debt sought to be collected must be "in some writing *subscribed* by the party chargeable thereby." (Emphasis added.) For a person to subscribe to a writing, the person must write his or her name underneath the writing in question. *Williams v. North River Ins. Co.,* 579 S.W.2d 410, 412 (Mo. App.1979). The text of the writing must be followed by the handwritten signature of the person.

■ As previously stated, no copies of exhibits were attached to the copies of pleadings included in the legal file component of the record on appeal in this case. The record does not reveal if the June 10, 1999, writing includes a handwritten signature by the county treasurer. This court cannot discern if anyone, with or without authority of the county, met requirements

**440**

of § 516.320 by subscribing to a statement acknowledging the debt plaintiffs contend the bond represents.

"Missouri Supreme Court Rule 81.12 requires the appellant to compile the record on appeal." *Ricketts v. Seagrass,* 99 S.W.3d 515, 516 (Mo.App. E.D.2003). The record on appeal must " 'contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented.' " *State ex rel. Bacchus v. Armstrong,* 106 S.W.3d 605, 607 (Mo.App. W.D.2003) (quoting *Rule 81.12(a)* ). "To comply with this rule, the appellant must file a transcript and prepare a legal file of the record, proceedings and evidence necessary to resolve the issues on appeal." *Zlotopolski v. Dir. of Revenue,* 62 S.W.3d 466, 468–69 (Mo.App. E.D.2001). Failure to comply with this rule is grounds for dismissal. *Granada Bd. of Managers v. Coffer,* 73 S.W.3d 874, 876 (Mo.App. E.D.2002). [Footnote omitted.]

*Bishop v. Heartland Chevrolet, Inc.,* 152 S.W.3d 893, 897 (Mo.App.2005).

The record on appeal is not sufficient to permit this court to ascertain whether requirements of § 516.320 were met so that plaintiffs' claims were not barred by the ten-year statutes of limitations, § 516.110. Having not ascertained whether requirements of § 516.320 were met, this court does not reach the question of whether a county treasurer is an employee or agent of a county with authority to acknowledge a debt. Point II is determinative due to insufficiency of the record on appeal to decide the issues presented thereby. The appeal is dismissed.

RAHMEYER, P.J., and LYNCH, J., concur.