**Rufus DAVIS, Respondent,**

v.

**Yolanda BRADLEY, Appellant.**

**No. ED 89472.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 2007.

Rehearing Denied Jan. 30, 2008.

---

**2.** Appellant presents only four of her five points on appeal in her argument portion of the brief.

Rufus Davis, Lake Saint Louis, MO, for respondent acting pro-se.

Yolanda Bradley, Lake Saint Louis, MO, for appellant acting pro-se.

### *OPINION*

GLENN A. NORTON, Judge.

Yolanda Bradley ("Appellant") appeals the judgment awarding Rufus Davis ("Respondent") $1,500.00 on his claim to recover payment for painting work he performed for Appellant and awarding her $200.00 on her counterclaim for damages based on Respondent's incomplete performance. We dismiss the appeal.

### I. DISCUSSION

Rule 81.12(a)[1] provides in relevant part that: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented . . . to the appellate court for decision." This rule requires an appellant to prepare a legal file and file a transcript. *Id.; Buford v. Mello,* 40 S.W.3d 400, 401–02 (Mo.App. E.D.2001). In the absence of a complete record on appeal, an appellate court cannot review the merits of an appellant's claims and the appeal must be dismissed. *See Buford,* 40 S.W.3d at 402 (finding that where the appellant fails to file the complete record as required, the court has nothing to review and the appeal must be dismissed).

Appellant has filed a legal file with our Court that reflects that the trial proceedings were recorded on tape. Under Rule 81.12(c), Appellant was required to order the transcript "from the clerk of the trial court if the proceedings were recorded by means of an electronic sound recording" within ten days after she filed her notice of appeal. It appears from the record that Appellant has failed to do so because she has not filed a transcript of the trial proceedings with our Court. Although Appellant's brief references testimony and facts allegedly given at the trial, without a transcript we are unable to determine the accuracy of Appellant's averments. *See Selberg v. Selberg,* 201 S.W.3d 513, 515 (Mo. App. W.D.2006) (finding that where the appellant fails to file a transcript, the court is unable to determine the accuracy of the appellant's averments in his brief regarding testimony and other evidence). Because Appellant has not filed a transcript of the trial proceedings, she has failed to file a complete record on appeal pursuant to Rule 81.12(a). Therefore, this Court cannot review the merits of Appellant's claims and her appeal must be dismissed.

### II. CONCLUSION

The appeal is dismissed.

ROY L. RICHTER, P.J., and CLIFFORD H. AHRENS, J., concur.

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).