**STATE of Missouri, Assignee, Debra A. Papp, et al., Respondents,**

v.

**Lee M. CHRISTINA, Appellant.**

**No. WD 51174.**

Missouri Court of Appeals, Western District.

Dec. 12, 1995.

**2.** In the original decree Dr. Theilen was ordered to pay Ms. Theilen $166,226.00 as part of distribution of marital property. This amount was determined in part by the valuation of three business ventures Dr. Theilen was awarded. On appeal, the method of valuation was found to be error and this court remanded the case. On remand the values of the businesses were altered resulting in a change in the amount of distribution to Ms. Theilen to $137,521.77.

Richard W. Sullivan, Independence, for appellant.

Claire C. McCaskill, Pros. Atty., Michelle Polly–Murphy, Asst. Pros. Atty., Jackson County, Kansas City, for respondents.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

ELLIS, Presiding Judge.

On February 22, 1994, the State of Missouri and Debra Papp (Papp) filed an action against Lee Christina (Christina) for a declaration of paternity, support, and recovery of necessary support provided the minor child. The action was dismissed without prejudice by the trial court on April 6, 1995. Christina appeals the dismissal without prejudice.

The procedural context of this case is crucial to the issue presented on appeal. Therefore, a brief history is in order. On February 20, 1991, the State as next friend of Jennifer Sattler brought an action against Papp and Christina seeking a declaration of paternity. The State voluntarily dismissed the case (without prejudice) on June 3, 1991. On June 5, 1991, a second lawsuit was filed. The State and Papp, as next friend, sued Christina for a declaration of paternity and support. On February 19, 1992, the State sought a voluntary dismissal. On February 21, 1992, the trial court entered an order dismissing the case without prejudice. The next day, the State and Papp filed a third action against Christina, seeking a declaration of paternity, support, and a claim for recovery of the necessary support provided to the child. On April 6, 1995, the third lawsuit was dismissed without prejudice. Christina filed a Motion for Reconsideration requesting the court enter an order dismissing the case *with* prejudice. The motion was denied, and Christina now appeals.

For his sole point on appeal, Christina contends the trial court erred in dismissing the third lawsuit without prejudice. In his brief, Christina alleges the State failed to comply with Rule 67.02 and its prerequisites for obtaining a voluntary dismissal without prejudice. In response, the State contends Rule 67.02 does not apply because the third dismissal was an involuntary dismissal for want of prosecution rather than a voluntary dismissal; as a result, the decision to dismiss without prejudice was within the discretion of the trial court. We need not reach the merits of these arguments because we have nothing to review. "It was [Christina's] responsibility to file the transcript and to prepare a legal file so that the record on appeal contains all the evidence necessary for determination of questions presented to the appellate court for decision. Rule 81.12." *Sydnor v. Director of Revenue,* 876 S.W.2d 627, 628 (Mo.App.1994). Christina has not provided this court with a record sufficient to determine the issue raised on appeal. He alludes to a transcript of the April 6, 1995 hearing that could clarify whether the third dismissal was voluntary

(upon the state's motion) or involuntary (for want of prosecution); however, no such transcript was filed. The legal file does not contain sufficient information for us to ascertain whether Rule 67.02 was complied with, or, indeed, whether it is implicated. In the absence of a record of the circumstances surrounding the dismissal without prejudice of the third lawsuit, we have nothing to decide. *See Cooper v. General Standard, Inc.,* 674 S.W.2d 117, 122 (Mo.App.1984).

The appeal is dismissed.

All concur.