Scott D. DALE, Respondent,

v.

DIRECTOR, MISSOURI DEPT. OF SO-CIAL SERVICES, FAMILY SUP-PORT AND CHILDREN'S DIVISION, Appellant.

No. SD 29092.

Missouri Court of Appeals,
Southern District,
Division Two.

April 1, 2009.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle Akinsiku, Asst. Atty. Gen., Jefferson City, for appellant.

Scott D. Dale, Bloodworth Law Office, Poplar Bluff, pro se.

JOHN E. PARRISH, Judge.

Judgment was entered for Scott D. Dale (petitioner)[1] against "Director Missouri Department, Social Services, Family Support and Children's Division" (respondent) as follows:

1. Respondent's motion to dismiss is overruled as the Petition does properly state a cause of action for breach of contract.

2. Both parties cite various authority [sic] that authorizes [sic] this Court to enter a judgment for payment of attorney fees, provided there is a valid contract. (Respondent cites *Doe v. Missouri Department of Social Services*, 71 S.W.3d 648 (Mo.App. E.D.2002) and *State ex rel. Cain v. Mitchell*, 543 S.W.2d 785 (Mo.Banc [sic] 1976), and Petitioner provides *In re AM*, 236 S.W.3d 106, [sic] (Mo.App.S.D.2007)). Petitioner and Respondent did enter into a valid contract. An agreement was reached that Petitioner would perform legal services for his clients and Respondent would pay for those services at their conclusion. The e-mails from Respondent's employee are evidence of an offer, Petitioner's performance of the legal services as stipulated to, is evidence of performance, acceptance and consideration.

3. Petitioner is therefore, awarded $1,300.00 as and for attorney fees pursuant to the agreement of the parties, said judgment to accrue interest at the statutory rate of 9 % until paid, and his cost herein.

Respondent appeals. The appeal is dismissed for the reasons that follow.

On November 1, 2007, petitioner filed a two-count petition, Count I for "Breach of Contract" and Count II for "Unjust Enrichment." The petition alleged that petitioner "was contacted by phone and e-mail, by representatives of Respondent regarding the filing of a Petition for Appointment of Guardian for two minor children who were in Respondent's custody, but had been physically placed with a maternal uncle and aunt who resided in New Hampshire"; that "Respondent advised Petitioner that the filing of said Petition was necessary for the protection of the minor children"; that "Respondent, by and through its representatives, assured ... Petitioner that payment for his attorney fee in representing the maternal Uncle and Aunt would be made by Respondent." The petition further alleged that petitioner had filed an application for guardianship but that the case was ultimately dismissed without a hearing "due to circumstances beyond the parties['] control." The petition asserted that petitioner had presented his bill for payment and had made demand for payment, but that respondent had refused to authorize its payment.

The trial court's docket entries reflect that an entry of appearance was filed in that court by the attorney for respondent on December 4, 2007. On December 14,

---

1. Although petitioner in the trial court is respondent in this case and the respondent in the trial court is appellant in this case, the designations used in this opinion to identify the parties are the trial court designations.

2007, respondent filed a pleading denominated "Motion to Dismiss for Failure to State a Claim." No further pleadings were filed. A docket entry dated December 17, 2007, states, "Case is set by agreement for trial 02/04/08 at 9:00 a.m." A February 4, 2008, docket entry states:

> Case called. Plaintiff [sic] Scott Dale appears, Attorney for defendant [sic] Michelle Akinsiku appears. Hearing held. Testimony heard. At the conclusion of the hearing the court takes the case under advisement. Attorneys to submit case law if needed. Case is set for 03/03/08 for further review.

A March 3, 2008, docket entry states, "Case called. Attorney Dale appears. Case is passed to 03/17/08 at 9:00 a.m. for decision to enter." A March 10, 2008, docket entry states, "Judgment in favor of Petitioner executed and filed herein. So Ordered." The judgment that is the subject of this appeal was entered that date.

A legal file has been filed in this court. No transcript was filed, nor has there been an agreed statement filed, as permitted by Rule 81.13, that identifies any questions presented by the appeal that would not require examination of all evidence and proceedings that occurred in the trial court.

▆▆▆▆ This court's review is based only on the record on appeal. *Abel v. Mike Russell's Standard Service,* 901 S.W.2d 299, 301 (Mo.App.1995). The "[a]ppellant has the duty to furnish the records necessary to review issues." *Id.* As this court explained in *In re Care and Treatment of Johnson,* 161 S.W.3d 873 (Mo.App.2005):

> Rule 81.12(a) states that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." ... "An appellant is required to furnish a transcript containing a record of the proceedings which the appellant seeks to have reviewed. In the absence of such a record the appellate court has nothing to decide." *Page [v. Associated Couriers, Inc.],* 868 S.W.2d [138] at 140 [ (Mo.App.1993) ] (citation omitted); *see also State v. Christina,* 911 S.W.2d 319, 321 (Mo.App.1995). Without a transcript, we lack the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion. *See Brancato [v. Wholesale Tool Co. Inc.],* 950 S.W.2d [551] at 554 [ (Mo.App.1997) ].

*Id.* at 879.

▆▆▆▆ The legal file indicates that testimony was heard. However, without a transcript this court has no information with respect to what testimony was heard or whether exhibits were admitted in evidence and considered by the trial court. This court will not convict a trial court of error when it does not know what evidence was before it. *In re Estate of Abbott,* 944 S.W.2d 279, 284 (Mo.App.1997). "Without the required record, there is nothing for this court to review." *Jaggie v. Attaran,* 70 S.W.3d 595, 597 (Mo.App.2002). "If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, the appeal must be dismissed." *Id.* The appeal is dismissed.

BURRELL, P.J., and RAHMEYER, J., concur.