

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL., | ) | No. ED102033 |
| ATTORNEY GENERAL KOSTER and | ) | |
| THE MISSOURI DEPARTMENT OF | ) | |
| NATURAL RESOURCES, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | 10SL-CC5162 |
| | ) | |
| WHISPERING OAKS RESIDENTIAL | ) | Honorable Michael D. Burton |
| CARE FACILITY, LLC, | ) | |
| | ) | |
| Appellant. | ) | FILED:  October 27, 2015 |

### OPINION

Whispering Oaks Residential Care Facility, LLC (Whispering Oaks) appeals from the judgment entered following a jury verdict in favor of the State of Missouri (State) on its enforcement action against Whispering Oaks for violations of the Missouri Safe Drinking Water Act, Sections 640.100 to 640.140, RSMo 2000.[1]  We dismiss.

### Factual and Procedural Background

Whispering Oaks owned and operated a drinking water well and water distribution system that provided water to the Whispering Oaks and a neighboring residential care facility.  On December 21, 2010, the State of Missouri, through the Department of Natural Resources

---

[1] Unless otherwise indicated, all further statutory references are to RSMo 2000.

(Department) filed its "Petition for Injunction and Civil Penalties" against Whispering Oaks alleging five counts of violations of the Missouri Safe Drinking Water Law (Missouri Water Law), namely that Whispering Oaks, as an owner and operator of a community water system, (1) failed to place the supervision of the system under a certified chief operator, (2) failed to develop and implement an emergency operations plan for assuring continuous water service under emergency conditions, and on January 8, 2010, (3) failed to maintain minimum positive pressure within the system under normal operating conditions.

In its responsive motions, Whispering Oaks argued, *inter alia*, that the State could not bring a civil suit against Whispering Oaks for violations of the Missouri Water Law because Section 640.130 required the existence of an emergency situation and a subsequent administrative order before the State could pursue a civil case for civil penalties and injunctive relief. The trial court denied these motions.

After a four day jury trial, the jury rendered three verdicts in favor of the State and assessed civil penalties in the amount of $135,650.00. Whispering Oaks filed a motion for judgment notwithstanding the verdict, and a motion for new trial, which the trial court denied. This appeal follows.

Discussion

Whispering Oaks raises ten points on appeal challenging: (1) the trial court's interpretation and application of Section 640.130 (Points I, IV, V, VI, VIII, and IX)[2]; (2) the trial

---

[2] With respect to Point IX, we note Whispering Oaks did not raise any constitutional issues relating to the applicable statute until the first day of trial. As such, Whispering Oaks has waived these issues. "To properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process." Sharp v. Curators of the Univ. of Mo., 138 S.W.3d 735, 738 (Mo. App. E.D. 2003). Additionally, the issue must have been presented to and ruled upon by the trial court. Id. "This rule is necessary to prevent surprise to the opposing party and to allow the trial court the opportunity to identify

2

court's determination that whether Whispering Oaks owns a "community water system" is a factual question for the jury (Point II); (3) the trial court's proffering a jury instruction that only provided the definition of a "community water system" (Point III); (4) the trial court's denial of Whispering Oaks' motion for new trial on the correct standard of proof being preponderance of the evidence not "clear and convincing" (Point VII); (5) the trial court's issuing an injunction as part of its final judgment (Point X)[3].

As a threshold matter, we note that while Whispering Oaks filed a copy of the transcript from the instruction conference, it has failed to include a copy of the trial transcript in the record on appeal. This court's review is based only on the record on appeal and an appellant has the duty to furnish the records necessary to review issues. Dale v. Dir., Mo. Dept. of Soc. Servs., Family Support & Children's Div., 285 S.W.3d 770, 772 (Mo. App. S.D. 2009). As all of the issues raised on appeal have an evidentiary basis, without a trial transcript, this court "lack[s] the necessary information to rule with any degree of confidence in the fairness, reasonableness and accuracy of our final conclusion." Dale, 285 S.W.3d at 772; St. Louis Cnty. v. River Bend Estates Homeowners' Ass'n, 408 S.W.3d 116, 122 (Mo. banc 2013); Rule 81.12. Without a trial transcript, our court has no information with respect to what testimony and other evidence was considered by the trial court, and we will not convict a trial court of error when we do not know what evidence was before it. Dale, 285 S.W.3d at 772. Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented. Id. This rule requires an appellant to file a transcript and prepare a

---

and rule on the issue." Carpenter v. Countrywide Home Loans, Inc., 250 S.W.3d 697, 701 (Mo. banc 2008). Given our disposition of this point, the jurisdictional issue ordered taken with the case is denied as moot.

[3] In its reply brief, Whispering Oaks states that it does not contest Paragraph 10 of the trial court's injunction, which ruled that: "Defendant [Whispering Oaks] shall be absolutely ENJOINED from operating any public water system within the State of Missouri, other than Defendant's public water system located at 1450 Ridge Road."

3

legal file so that the record contains all the evidence necessary for a determination of the questions presented to the appellate court for a decision. Id. In the absence of a sufficient record, there is nothing for this court to review, and the appeal must be dismissed. Id.

Accordingly, it is impossible for this court to consider Whispering Oaks' claims, and we must dismiss the appeal on the grounds that the record is insufficient under Rule 81.12(a) to allow for meaningful appellate review. Id.

Conclusion

The appeal is dismissed.


_____
MARY K. HOFF, JUDGE


Robert G. Dowd, Jr., Presiding Judge, and Roy L. Richter, Judge, concur.