INDEPENDENT TAXI DRIVERS ASSOCIATION, LLC, et al., Appellants/Plaintiffs,

v.

METROPOLITAN TAXICAB COMMISSION, et al., Respondents/Defendants.

ED 104760

Missouri Court of Appeals, Eastern District, DIVISION ONE.

Filed: June 20, 2017

Rehearing Denied July 27, 2017

---

Eric E. Vickers, 401 N. Newstead, Suite 1N, St. Louis, MO 63108, for appellants.

Charles H. Billings, Mary L. Bruntrager, Bruntrager & Billings, 225 S. Mera-

mec, Suite 1200, Clayton, MO 63105, for respondents.

Lisa P. Page, Judge

Independent Taxi Drivers Association, LLC and various individual taxicab vehicle owners (collectively, "Plaintiffs") appeal from the trial court's judgment granting Metropolitan Taxicab Commission of St. Louis ("MTC") and three individual commissioners (collectively, "Defendants") motion to enforce settlement. We dismiss as the record on appeal is insufficient to review the appeal, because Plaintiffs have failed to file a transcript of the trial court proceedings.

## BACKGROUND

On or about May 12, 2014, Plaintiffs filed suit against Defendants in the Circuit Court of the City of St. Louis, alleging restraint of trade. Specifically, Plaintiffs assert the Defendants' moratorium on the issuance of Certificates of Convenience and Necessity ("CCN") prohibited Plaintiffs from operating taxicabs within the geographical jurisdiction of the MTC.

Eventually, after a series of oral and electronic mail ("e-mail") conversations, Plaintiffs and Defendants reached an oral settlement agreement. From what this court can determine from the scant record on appeal, this settlement required Defendants to grant Plaintiffs 100 taxicab permits. On or about October 26, 2015, the MTC voted to approve the oral settlement agreement.

On October 30, 2015, Plaintiffs and Defendants filed their "Joint Request for Removal from the Trial Docket/Continuance Pending Settlement[,]" which read in relevant part as follows:

3. Plaintiff anticipates filing a Stipulation for Dismissal after Plaintiff's drivers' permits are activated.

However, said filing did not include the written terms of the *oral* settlement.

In December 2015, the MTC revised its "Director Rules" to include a requirement that all conditional vehicle permits be filed within 90 days or the allotted, but unused, permits would be forfeited.

At some subsequent time after the oral agreement was reached and the MTC revised its "Director Rules," supra, Plaintiffs filed a second CCN with the MTC in order that MTC would issue 100 permits to Plaintiffs. In February 2016, pursuant to the oral agreement, Defendants issued 100 permits to Plaintiffs. Plaintiffs, however, only filed 76 of the 100 permits within the 90 day time limit, thus forfeiting the other 24 permits. Upon the expiration of the 90 day period, Defendants notified Plaintiffs no additional permits would be granted.

On or about May 9, 2016, Defendants filed their Motion to Enforce Settlement. Thereafter, Plaintiffs filed a Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. The trial court conducted an evidentiary hearing on May 23, 2016 on the respective motions.

The trial court entered its judgment granting Defendants' Motion to Enforce Settlement and denying Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction. The trial court found, based upon the evidence adduced during the evidentiary hearing, that "Plaintiffs were fully advised and aware that as holder of the CCN, pursuant to [the MTC] rules and regulations, Plaintiffs were required to apply for and have approved by the [MTC] individual vehicles for driver permits within the ninety day period."

Plaintiffs now appeal.

## DISCUSSION

In their sole point on appeal, Plaintiffs contend the trial court erred in denying Plaintiffs' motion to enjoin Defendants from refusing to issue to Plaintiffs 100 taxicab permits because the evidence is "irrefutable and indisputable" that Plaintiffs and Defendants entered into an oral settlement agreement that required Defendants to grant 100 taxicab permits without any timeframe or conditions. We cannot determine the issue.

### Standard of Review

When reviewing a trial court's judgment enforcing a settlement, this court will affirm the judgment of the trial court in a bench-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. Matthes v. Wynkoop, 435 S.W.3d 100, 106 (Mo. App. W.D. 2014); see also Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and any inferences therefrom in the light most favorable to the trial court's judgment. Star Dev. Corp. v. Urgent Care Assocs., Inc., 429 S.W.3d 487, 491 (Mo. App. W.D. 2014). We will disregard all contrary evidence and inferences. Id. We defer to the trial court's determination and weight given to witness credibility. Id.

### Analysis

Pursuant to Section 472.210, "[a]ppeals shall be taken in accordance with the rules of civil procedure relating to appeals." Section 472.210.[1] Although not exclusive, Missouri Supreme Court Rule 81 governs many facets of appeals. See, generally, Rule 81.005, et seq.

Particularly relevant in this case, "Rule 81.12(a) provides that the record on appeal shall contain all of the record, proceedings, and evidence necessary to the determination of all questions to be presented to us." Jaggie v. Attaran, 70 S.W.3d 595, 597 (Mo. App. E.D. 2002); see also Rule 81.12(a). To comply with Rule 81.12(a), the appellant is required to *file a transcript* and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision." Bastain v. Brown, 28 S.W.3d 494, 495 (Mo. App. E.D. 2000) (emphasis added). In fact, Rule 81.12(c)(1) specifically charges the appellant with the duty to order the transcript. See Rule 81.12(c); Granada Bd. of Managers v. Coffer, 73 S.W.3d 874, 876 (Mo. App. E.D. 2002) ("It is Appellant's duty to order and file the transcript.").

A transcript of the trial court proceedings is necessary on appeal so that this court can "verify factual statements made by the parties in their briefs and . . . verify which exhibits where admitted into evidence." Zlotopolski v. Dir. of Revenue, 62 S.W.3d 466, 469 (Mo. App. E.D. 2001). This court is, generally, prohibited from considering "exhibits without knowing what testimony was offered with respect to those exhibits or on what basis or under what circumstances they were admitted." Buford v. Mello, 40 S.W.3d 400, 402 (Mo. App. E.D. 2001) (internal footnote omitted). "Claims attacking the trial court's conclusions cannot be reviewed without consulting the *entire record* to determine if the trial court's result was correct, even if the reasoning was erroneous." Id. (emphasis added); see also Rhodes v. Zhang, 7 S.W.3d 7, 8 (Mo. App. E.D. 1999) ("With-

---

1. All statutory references are to RSMo Cum. Sup. 2015, unless otherwise indicated. All rule references are to Missouri Supreme Court Rules (2015), unless otherwise indicated.

out a transcript, we cannot rule on the issues raised by appellant with any degree of confidence in the reasonableness, fairness, and accuracy of our final conclusion."). "If an appellant desires review of an issue it is [the appellant's] duty to furnish a transcript containing all the records, proceedings[,] and evidence relating thereto." Ellis v. Farmers Ins. Grp., 659 S.W.2d 3, 4 (Mo. App. E.D. 1983).

In this appeal, Plaintiffs, as the appellants, consciously elected not to file a transcript of the trial court proceedings, contending they "have chosen to file and base their appeal solely on the legal file." Plaintiffs maintain their appeal "does not rest on either trial court testimony or exhibits presented at a trial or hearing[,]" but, rather, their appeal rest upon "the legal file itself—particularly the motion to enforce the settlement agreement[,]" which Appellants claim "provides all that is necessary for this Court to determine the essential terms of the acknowledged settlement agreement between the parties." In their appellate brief and during oral argument, Plaintiffs stridently argued that their "Joint Request for Removal from the Trial Docket/Continuance Pending Settlement[,]" filed October 30, 2015, mandated the MTC "activate"—not just issue—100 taxicab permits. Plaintiffs' argument hinges upon paragraph 3 of that "Joint Request for Removal from the Trial Docket/Continuance Pending Settlement[,]" which read, in relevant part, as follows:

> 3. Plaintiff anticipates filing a Stipulation for Dismissal after Plaintiff's [sic] drivers' permits are activated.

Plaintiffs' argument is without merit and contrary to the law. Plaintiffs concede that said settlement was *oral* in nature, yet, in contradiction request this court to presuppose—in contrast to the trial court—that the "Joint Request for Removal from the Trial Docket/Continuance Pending Settlement" set forth the entirety of the oral settlement agreement. However, the "Joint Request for Removal from the Trial Docket/Continuance Pending Settlement" does not contain the terms of the oral agreement, and without the trial court transcript, this court is unable to determine the terms of the oral agreement, whether said terms were violated or abided by, or whether the trial court's judgment is against the weight of the evidence, not supported by substantial evidence, or contrary to the law. The pleadings and exhibits presented to the trial court only reveal a settlement agreement was reached and 100 taxicab permits were to be "activated" in favor of the Plaintiffs. The trial court pleadings do not reveal whether Plaintiffs were to comply with all rules and regulations promulgated by the MTC.

The trial court explicitly found, based upon the evidence adduced during the evidentiary hearing, that "Plaintiffs were fully advised and aware that as holder of the CCN, pursuant to [the MTC] rules and regulations, Plaintiffs were required to apply for and have approved by the [MTC] individual vehicles for driver permits within the ninety day period." Plaintiffs submit no evidence to this appellate court that the trial court's finding is against the weight of the evidence, not supported by substantial evidence, or contrary to the law because no transcript of the trial court proceedings was filed by Plaintiffs.

Plaintiffs' claim of trial court error requires this court to review the evidentiary bases for the trial court's judgment, and in the absence of a complete record, we have no basis for any decision. Brancato v. Wholesale Tool Co., Inc., 950 S.W.2d 551, 555 (Mo. App. E.D. 1997). The trial court's judgment is premised upon more than just

the pleadings and attached exhibits.[2] Plaintiffs' failure to provide the trial court transcript precludes any meaningful review of the issue on appeal. See, e.g., Zlotopolski, 62 S.W.3d at 469; Buford, 40 S.W.3d at 402; Ellis, 659 S.W.2d at 4.

Conspicuously, Plaintiffs fail to cite to any case law that supports their position that this court can review Plaintiffs' appeal in the absence of the trial court transcript. Moreover, to condone Plaintiffs' blatant evasion of the adduced facts—in the form of withholding the trial court transcript— would run afoul of not only our Missouri Supreme Court Rules but also this court's statutory duty to "examine the transcript." Section 512.160.3; see, e.g., Poke v. Mathis, 461 S.W.3d 40, 43 n.4 (Mo. App. E.D. 2015) ("[F]ailure to provide this Court with a transcript results in the presumption that such evidence was favorable to the trial court's ruling and unfavorable to the appellant.").

■■■ This court is cognizant of our duty to provide a review upon the merits of a case when possible, but this principle "presupposes a record upon which this court can act with some degree of confidence in the reasonableness of its review, without resort to speculation and conjecture as to the controlling facts of the case." City of St. Clair v. Cash, 579 S.W.2d 763, 764 (Mo. App. E.D. 1979). "If an appellant fails to provide this court with a record containing everything necessary to determine all questions presented to this court, the appeal must be dismissed." Jaggie, 70 S.W.3d at 597; see, e.g., State ex rel. Bacchus v. Armstrong, 106 S.W.3d 605, 608 (Mo. App. W.D. 2003).

---

**2.** Plaintiffs' bases for declining to supply this court with the trial court transcript border upon frivolous. The trial court's judgment was not entered upon a motion for judgment on the pleadings, pursuant to Rule 55.27(b), wherein this court only reviews the pleadings. Armstrong v. Cape Girardeau Physician As-

Therefore, Plaintiffs' appeal is dismissed.

### CONCLUSION

Appeal dismissed.

Robert M. Clayton III, P.J., and Mary K. Hoff, J. concur.

socs., 49 S.W.3d 821, 824 (Mo. App. E.D. 2001). Nor was judgment entered upon a motion for summary judgment, pursuant to Rule 74.04, wherein this court's standard of review is de novo. ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993).