

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| KAREN LEIGH WHEELES, N/K/A KAREN LEIGH ISAAK, | ) ) ) | No. ED106644 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) ) | 12SL-DR08159-01 |
| BARRY WHEELES, | ) ) | Honorable Bruce F. Hilton |
| Appellant. | ) ) | Filed: June 11, 2019 |

Barry Wheeles ("Husband"), acting pro se, appeals the judgment in favor of Karen Leigh Wheeles, now known as Karen Leigh Isaak ("Wife"), on Wife's motion for contempt. Wife filed a motion to dismiss Husband's appeal, which was taken with the case. Because the record on appeal is insufficient to allow for meaningful appellate review,[1] we dismiss Husband's appeal.[2]

## I.      BACKGROUND

On March 22, 2012, Husband and Wife were divorced pursuant to a dissolution judgment entered by a Kansas trial court. To facilitate and effectuate their divorce, Husband and Wife entered into a separation agreement, which, among other things, imposed on Husband an obligation to pay: (1) a flat amount of child support; and (2) an additional amount of child

---

[1] All further references to Rule 81.12 are to Missouri Supreme Court Rules (2018), which was the version of the Rule in effect at the time Husband filed his notice of appeal with this Court in June 2018.

[2] We deny the portion of Wife's motion taken with the case that requests our Court to find Husband's appeal is frivolous and to award Wife damages based on Husband filing a frivolous appeal.

support to be based on his annual gross income. The separation agreement and its terms were incorporated into the dissolution judgment, which was subsequently registered in Missouri as a foreign judgment.

On July 19, 2017, Wife filed a verified motion for contempt and order to show cause asserting Husband was in violation of, *inter alia*, the additional child support obligation in the dissolution judgment. The trial court held a bench trial on Wife's motion and subsequently entered a judgment in favor of Wife.

Husband then filed this appeal and Wife filed a motion to dismiss Husband's appeal, which this Court took with the case. Wife's motion contends Husband's appeal should be dismissed because Husband failed to file a complete record on appeal in that he filed only a partial transcript of the trial court proceedings. Husband's appeal was submitted to this Court on June 4, 2019.

## II.    DISCUSSION

Husband raises four points on appeal. Husband's first point on appeal alleges the trial court erred by improperly modifying the parties' dissolution judgment and separation agreement. Husband's second point on appeal argues the trial court denied him due process by failing to consider his previously filed motion to modify the dissolution judgment and separation agreement.[3] Husband's third point on appeal contends the trial court erred in calculating the amounts he owed to Wife as additional child support. Finally, Husband's fourth point on appeal maintains the trial court erred in ordering additional child support awards to be paid to Wife quarterly.

---

[3] Although not clear from Husband's brief, the docket sheets filed as part of the record on appeal indicate Husband filed a motion to modify in March 2013, which was stricken by the trial court in July 2014.

Prior to considering the merits of Husband's appeal, however, we must determine whether Wife's motion taken with the case is dispositive. Wife requests our Court to dismiss Husband's appeal because Husband violated Rule 81.12(a) and (c)(1)-(2) by failing to file a complete record on appeal. Due to Husband's action of filing a partial transcript including only his testimony before the trial court, Wife argues we are without sufficient information to determine the issues on appeal. We agree.

Under section 472.210 RSMo 2000,[4] "appeals shall be taken in accordance with the rules of civil procedure relating to appeals." *Independent Taxi Drivers Association, LLC v. Metropolitan Taxicab Commission*, 524 S.W.3d 157, 160 (Mo. App. E.D. 2017) (quoting section 472.210). As relevant to this appeal, Rule 81.12(a) requires the appellant to file a record on appeal containing all of the record, proceedings, and evidence necessary for us to determine all the issues presented to us by the appeal. *Metropolitan Taxicab Commission*, 524 S.W.3d at 160; Rule 81.12(a); *see also* Rule 81.12(b) and (c)(1). The appellant alone has the duty to furnish a sufficient record on appeal, which shall contain a legal file and transcript. *Id.*; *Dale v. Director, Missouri Dept. of Social Services, Family Support and Children's Div.*, 285 S.W.3d 770, 772 (Mo. App. S.D. 2009).[5] Where an appellant fails to provide this Court with everything necessary to determine all of the questions presented by his appeal, dismissal is required. *State ex rel. Koster v. Whispering Oaks Residential Care Facility, LLC*, 479 S.W.3d 689, 691 (Mo. App. E.D. 2015); *Dale*, 285 S.W.3d at 772; *Bishop v. Heartland Chevrolet, Inc.*, 152 S.W.3d 893, 897 (Mo. App. W.D. 2005).

---

[4] All statutory references to section 472.210 are to RSMo 2000, which is the latest version of the statute.

[5] Although a respondent may supplement the record on appeal under the Missouri Supreme Court Rules, the rules do not require a respondent to do so nor do they shift the burden of providing a complete record on appeal to the respondent. *See Citibank (South Dakota) N.A. v. Edwards*, 147 S.W.3d 810, 811 n.2 (Mo. App. W.D. 2004). As such, Wife's decision not to file the missing portions of the transcript or legal file does not affect our decision. *See id.* (similarly finding).

Here, it is Husband's duty, as the appellant, to file a complete transcript and legal file to ensure the record contains all of the evidence necessary for this Court to determine the questions presented by his appeal. *See Metropolitan Taxicab Commission*, 524 S.W.3d at 160; *Koster*, 479 S.W.3d at 691; *see also* Rule 81.12(a), (b), and (c)(1)-(2). While Husband admits he filed only a partial transcript due to financial limitations, he argues this failure should be excused as the trial testimony and exhibits are not at issue in this appeal. Instead, Husband maintains we only need to look at the terms of the original Kansas dissolution judgment to determine whether it was violated. Curiously, Husband has failed to include the dissolution judgment and separation agreement as part of the legal file. Although these documents were included in Husband's appendix, "[t]he mere inclusion of documents in an appendix to a brief does not make them part of the record on appeal." *U.S. Bank, N.A. v. Coverdell*, 483 S.W.3d 390, 400 (Mo. App. S.D. 2015) (quoting *J & M Securities, LLC v. Brown*, 388 S.W.3d 566, 570-71 (Mo. App. E.D. 2012)). Because the Kansas dissolution judgment and the parties' incorporated separation agreement were not made a part of the record on appeal, we are unable to consider them. *See Coverdell*, 483 S.W.3d at 400-01.

Furthermore, a look at Husband's particular claims reveals he has failed to file a sufficient record from which we can determine all of the issues presented to us by his appeal. *See Metropolitan Taxicab Commission*, 524 S.W.3d at 160; *Dale*, 285 S.W.3d at 772; Rule 81.12(a). In Husband's first point on appeal, he argues the trial court improperly modified the parties' dissolution judgment and separation agreement. But as previously stated, these documents were not made a part of the record on appeal; thus, we are unable to review them to determine whether the trial court did in fact modify them or whether such modification was proper. *See Coverdell*, 483 S.W.3d at 400-01; *see also Brown*, 388 S.W.3d at 570-71.

Therefore, Husband has failed to present us with all of the records necessary to determine his first point on appeal. *See Metropolitan Taxicab Commission*, 524 S.W.3d at 160; *Dale*, 285 S.W.3d at 772; Rule 81.12(a).

In Husband's second point on appeal, he argues the trial court denied him due process by failing to consider his previously filed motion to modify the dissolution judgment and separation agreement. However, the legal file contains no pleadings relating to this motion to modify. Accordingly, Husband has failed to present us with all of the records necessary to determine his second point on appeal. *See id*.

Lastly, Husband's third and fourth points on appeal contend the trial court erred in its rulings with respect to the additional child support Husband is required to pay under the dissolution judgment and separation agreement. Nevertheless, Husband has failed to provide us with Wife's motion for contempt giving rise to the court's rulings, any other relevant pleadings, the transcript of Wife's evidence to support her motion, or the dissolution judgment and separation agreement which contain the additional child support obligations. In the absence of the foregoing, we cannot determine whether the trial court's rulings are supported by substantial evidence, against the weight of the evidence, erroneously declare the law, or erroneously apply the law. *See Krastanoff v. Williams*, 231 S.W.3d 205, 206-07 (Mo. Ap. E.D. 2007) and *Pierson v. Laut*, 113 S.W.3d 298, 300 (Mo. App. E.D. 2003) (similarly finding); *see also Metropolitan Taxicab Commission*, 524 S.W.3d at 160 (we cannot review the appellant's claims without consulting the entire record to determine if the trial court's conclusion was correct, even if the reasoning was erroneous). Moreover, without the complete transcript, we have no information relating to what evidence was considered by the court in reaching its decision, and we cannot convict the trial court of error when we have not reviewed all the evidence before it. *See Koster*,

479 S.W.3d at 691 and *Dale*, 285 S.W.3d at 772 (similarly finding). As such, Husband has failed to present us with all of the records necessary to determine his third and fourth points on appeal. *See Metropolitan Taxicab Commission*, 524 S.W.3d at 160; *Dale*, 285 S.W.3d at 772; Rule 81.12(a).

The fact that Husband is acting pro se in this matter does not change the outcome of our decision, as pro se litigants are held to the same procedural rules as represented parties. *See Washington v. Blackburn*, 286 S.W.3d 818, 823 (Mo. App. E.D. 2009). "While this [C]ourt recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Id*. (quotations and emphasis omitted). The deficiencies in the legal file and transcript would require us to become an advocate for Husband's appeal, which is something we cannot do. *See id*.

In sum, Husband's failure to file a complete legal file and transcript "is more than a procedural deficiency." *See In re T.C.T.*, 165 S.W.3d 529, 533 (Mo. App. W.D. 2005). Because Husband has failed to provide this Court with the necessary record to determine all of the questions presented by his appeal, it is impossible for us to review his claims. *See Koster*, 479 S.W.3d at 691; *Dale*, 285 S.W.3d at 772; *Bishop*, 152 S.W.3d at 897. Accordingly, we must partially grant Wife's motion taken with the case and dismiss Husband's appeal because the record is insufficient to allow for meaningful appellate review. *See id*. (similarly finding).

### III.   CONCLUSION

Based on the foregoing, Husband's appeal is dismissed.

_____
ROBERT M. CLAYTON III, Judge

Roy L. Richter, P.J., and
Angela T. Quigless, J., concur.