

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **VOEPEL PROPERTY MANAGEMENT INC AS AGENT FOR THE OWNER ISLA PROPERTY COMPANY, LLC,** | **WD85073** |
| **Respondent,** | **OPINION FILED:** |
| **v.** | **June 28, 2022** |
| **TIMIKA BATES,** | |
| **Appellant.** | |

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Timothy Jon Flook, Judge**

**Before Division Two:**
**Karen King Mitchell, P.J., Edward R. Ardini, Jr. and Thomas N. Chapman, JJ.**

Timika Bates ("Bates") appeals a judgment of the Circuit Court of Clay County which found in favor of Voepel Property Management Inc. ("Voepel") on its Petition for Unlawful Detainer. On appeal, Bates argues that the circuit court erred in granting judgment to the Plaintiffs because the circuit court's judgment failed to consider Bates's right to abatement due to the breach of habitability requirements identified in a notice of abatement provided by the Housing Authority of Kansas City Missouri to Voepel. Because the record on appeal does not contain a transcript of the trial court proceedings, which renders review impossible, the appeal is dismissed.

On September 9, 2021, Voepel filed a Petition for Unlawful Detainer in the Circuit Court of Clay County, which sought the return of a premises in Liberty, Missouri, as well as statutory damages. Bates did not file a responsive pleading.[1] On December 15, 2021, the circuit court conducted a bench trial. Voepel appeared by counsel and Bates appeared in person. On December 21, 2021, the circuit court issued a judgment which found in favor of Voepel and against Bates on Voepel's Petition for Unlawful Detainer. The judgment awarded statutory damages and a private process fee and ordered return of the premises.

Rule 81.12(a) provides: "The record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision. It is divided into two components: the legal file and the transcript." It is the appellant's duty to file a transcript and a sufficient record on appeal. Rule 81.12(a), (c); *B.N.A. v. Ready*, 614 S.W.3d 14, 18 (Mo. App. W.D. 2020). "A transcript of the trial court proceedings is necessary on appeal so that this court can 'verify factual statement made by the parties in their briefs and . . . verify which exhibits were admitted into evidence.'" *Indep. Taxi Drivers Ass'n, LLC v. Metro. Taxicab Comm'n*, 524 S.W.3d 157, 160 (Mo. App. E.D. 2017) (quoting *Zlotopolski v. Dir. of Revenue*, 62 S.W.3d 466, 469 (Mo. App. E.D. 2001)). Without a transcript we are unable to determine if there is a basis for concluding an alleged error occurred, whether such error was waived or invited, or even whether

---

[1] Section 517.031.2, RSMo 2016, which is applicable to certain proceedings before associate circuit judges, provides:

> Affirmative defenses, counterclaims and cross claims shall be filed in writing not later than the return date and time of the summons unless leave to file the same at a later date is granted by the court. No other responsive pleading need be filed. If no responsive pleading is filed, the statements made in the petition, affirmative defenses, counterclaims or cross claims shall be considered denied except as provided in section 517.132.

an alleged error resulted in manifest injustice so as to constitute plain error. *Equity Trust Co. v. Givhan*, 604 S.W.3d 921, 923 (Mo. App. W.D. 2020).

In her sole point on appeal, Bates asserts that the circuit court erred in granting judgment to Voepel due to the circuit court's failure to consider Bates's right to abatement due to a breach of habitability. Bates's arguments regarding her right to abatement were based on a letter of notice of abatement that was apparently issued by the Housing Authority of Kansas City Missouri in June of 2021.[2] Bates's point on appeal asserts trial court error with respect to the trial court's failure to consider a defense. However, the record does not reveal that the defense was ever presented to the trial court, when it was presented, how it was presented, or the evidence offered or admitted in support of or in opposition to the defense at trial. Based on the record before us, we are simply unable to determine whether the trial court erred. The lack of a transcript renders review of this point impossible and necessitates dismissal. *See Equity Trust Co.*, 604 S.W.3d at 923; *Milone v. Duncan*, 245 S.W.3d 297, 301 (Mo. App. W.D. 2008) ("It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record there is nothing for the appellate court to decide.").[3]

---

[2] A document appearing to be a copy of a letter sent on behalf of the Housing Authority of Kansas City Missouri, Housing Choice Voucher Program, Inspections Division appears in the legal file of our record on appeal. The legal file was apparently a non-system generated legal file. However, the document's inclusion in the legal file does not reveal whether or how the document was ever presented to the trial court. The document does not contain any indication that it was submitted as an exhibit at trial, and, due to the lack of a transcript of the trial court proceedings, this court could only speculate as to whether or how the letter was before the trial court.

[3] We also note numerous deficiencies in Bates's briefing in violation of Rule 84.04. Because the lack of a transcript of the trial court proceedings would necessitate dismissal independent of the briefing errors, we do not address these briefing deficiencies further.

**Conclusion**

The appeal is dismissed.

_____
Thomas N. Chapman, Judge

All concur.