

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| EMILEE D. WILLIAMS, n/k/a EMILEE COREY, | ) ) ) | ED111200 |
| Respondent, | ) ) ) | Appeal from the Circuit Court of St. Louis County 09SL-DR00304-01 |
| v. | ) ) | |
| JASON JAI WILLIAMS, | ) ) | Honorable Julia P. Lasater |
| Appellant, | ) ) | Filed: June 6, 2023 |
| and | ) ) | |
| KATHERINE TYLER, | ) ) | |
| Respondent. | ) | |

Jason Williams ("Father") appeals the judgment granting in part a motion to modify filed by Emilee Williams ("Mother") and also granting in part a motion for third party custody filed by Katherine Tyler ("Intervenor"). Father did not file a transcript as required by Rule 81.12 and his brief violates multiple provisions of Rule 84.04. Because the incomplete record on appeal and briefing deficiencies substantially impede appellate review of all eight of Father's points relied on, we dismiss the appeal.

## Factual and Procedural Background

Father's failure to file a transcript renders it impossible for this Court to set forth a comprehensive and independent factual background. Nonetheless, there appears to be no dispute that the child ("Child") at the center of the underlying custody dispute was born while Mother and Father were married. In the judgment on appeal, the circuit court found Father began a relationship with Intervenor in 2014, when Child was approximately four years old. Father and Intervenor lived together until 2019, during which time Child and Intervenor formed a relationship.

In October 2019, the circuit court entered an interim order awarding Mother and Father joint legal custody of Child and Father with sole physical custody. In April 2021, after Father was indicted on charges of domestic assault and rape involving Intervenor, Mother filed a motion to modify alleging a continuing and substantial change in circumstances and requested that the circuit court award her sole legal and physical custody of Child. Intervenor filed for third-party custody also seeking sole legal and physical custody of Child. Subsequently, Mother and Intervenor filed a joint proposed parenting plan. Under their proposed plan, Mother and Intervenor would share joint physical custody, Mother would have sole legal custody and Father would be limited to supervised visitation.

As pertinent to this appeal, the circuit court applied the factors set forth in sections 452.375 and 452.410[1] and found it was in Child's best interest for Mother and Father to share joint physical custody, with Father as the residential parent for education and mailing purposes. Additionally, the court awarded Intervenor periods of unsupervised visitation, weekly telephone calls and the option to attend school events and provide gifts to Child.

---

[1] All statutory citation are to RSMo 2000 as amended.

**Analysis**

The right to appeal is statutory. *Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 760 (Mo. banc 2019). Section 472.210 provides "[a]ppeals shall be taken in accordance with the rules of civil procedure relating to appeals." In pertinent part, Rule 84.13(a) provides "[a]part from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" Father's brief fails to substantially comply with multiple provisions of Rule 81.12 and Rule 84.04 governing the record on appeal and the content of briefs. As established below, these briefing deficiencies require dismissal of Father's appeal.

*Rule 81.12*

Rule 81.12 governs the record on appeal. The record on appeal consists of the "the legal file and the transcript" and must include "all of the record, proceedings, and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a). The appellant is responsible for compiling the record on appeal. Rule 81.12(b)-(c). When the appellant fails to compile a complete record on appeal necessary to review the questions presented, "this Court has nothing to review." *E.Y. v. C.T.*, 644 S.W.3d 325, 327 (Mo. App. E.D. 2022) (internal quotation omitted). "Failure to comply with Rule 81.12 is grounds for dismissal of the appeal." *Id.*

Here, the record on appeal is incomplete because Father failed to file a transcript. While Father argues in his reply brief that none of his arguments on appeal "relate to the kind, amount or how substantial or unsubstantial the evidence is," his points relied on tell a different story. In Point I, Father expressly claims there is "no evidence" supporting the circuit court's judgment awarding Intervenor visitation. Similarly, in Point IV, he claims the circuit court erred in awarding visitation

to Intervenor because the "undisputed evidence" shows Intervenor acted inappropriately.  Both points are based squarely on assertions the evidence did not support the judgment.  Without a transcript, this Court lacks the record necessary to assess the accuracy of his claims and a means to determine whether the circuit court committed reversible error.  *See Indep. Taxi Drivers Ass'n, LLC v. Metro. Taxicab Comm'n*, 524 S.W.3d 157, 160 (Mo. App. E.D. 2017) (dismissing an appeal because the appellant's failure to file a transcript deprived this Court of the "entire record" necessary for appellate review).  When, as in this case, the appellant's failure to file transcript prevents this Court from fully reviewing the questions presented, dismissal is required.  *E.Y.*, 644 S.W.3d at 327.  Consequently, Points I and IV are dismissed.

The failure to file a transcript also requires the dismissal of Point III.  While not expressly premised on an alleged evidentiary deficiency, Father claims in Point III that the circuit "court erred in elevating Intervenor to the level of a parent by finding that the Child need [*sic*] frequent, continuing and meaningful contact with Father, Mother, and Intervenor" would necessitate review of the transcript to determine if the circuit court properly applied the statutory factors to the facts in this case.  Father's reference to the court's "finding" Child needed contact with all three parties implicates the circuit court's findings of fact were based on the evidence adduced at trial.  The disposition of this point therefore requires analysis of the circuit court's application of statutorily mandated custody factors to facts supported by the evidentiary record.  By failing to file the transcript, Father precluded this Court from considering the evidentiary record and engaging in meaningful appellate review of his claim.  *E.Y.*, 644 S.W.3d at 327.[2]  For these reasons, Point III is dismissed.

---

[2] In her brief and in a motion to dismiss, Intervenor repeatedly explains the fatal deficiency created by Father's failure to file a transcript.  Despite repeatedly being placed on notice of this deficiency, Father failed to offer any meaningful response in his reply brief or make any effort to cure the defect.  While the legal file shows Father filed a notice with

*Rule 84.04*

Father's brief violates multiple provisions of Rule 84.04, which governs the contents of appellate briefs. Compliance with Rule 84.04 is mandatory. *Thompson v. Special Sch. Dist. of St. Louis Cnty.*, 663 S.W.3d 493, 498 (Mo. App. E.D. 2023). "Failure to substantially comply with Rule 84.04 preserves nothing for review and is a proper ground for dismissing an appeal." While compliance with Rule 84.04 is mandatory, the rule is not aimed at creating a maze of technical impediments to appellate review. *T.G. v. D.W.H.*, 648 S.W.3d 42, 46 (Mo. App. E.D. 2022). Instead, the clear dictates of Rule 84.04 facilitate a fair and orderly adversarial process which, in turn, enables this Court to meaningfully review properly preserved claims of error in light of the record underlying the circuit court's judgment. *Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 75 (Mo. App. E.D. 2022). Consistent with that purpose, this Court may resolve appeals on the merits so long as the briefing deficiencies do not impede review of the merits. *Gan v. Schrock*, 652 S.W.3d 703, 711 (Mo. App. W.D. 2022). Father's briefing deficiencies, however, cross the line and warrant dismissal of his remaining points on appeal.[3]

First, Rule 84.04(d)(1) requires a point relied on to identify the challenged trial court ruling, state concisely the legal reasons for the claim of reversible error and explain why, in the context of the case, those legal reasons support the claim of reversible error. Critically, reversible errors are only those "committed by the trial court against the appellant materially affecting the merits of

---

this Court stating, without explanation, that he was "unable" to obtain a transcript, the fact remains Father failed to file the transcript necessary to enable appellate review of his claims.

[3] Father's brief is beset with multiple technical deficiencies. For instance, his points relied on do not clearly follow the template expressly set forth in Rule 84.04(d). Further, his brief does not consistently include specific page references from the record on appeal to support the statement of facts and factual assertions in the argument, in violation of Rule 84.04(c) and Rule 84.04(e), respectively. Rather than belaboring these issues, this Court's analysis focuses on those briefing deficiencies which preclude meaningful appellate review and require dismissal of Father's appeal.

the action." Rule 84.13(b). It follows that "appellate review of a trial court's judgment is for prejudice, not mere error." *L.R.S. v. C.A.S.*, 525 S.W.3d 172, 197 (Mo. App. E.D. 2017).

In Point II Father claims the circuit court refused to apply the 2021 amendment to section 452.375.5(5)(a) because doing so would violate Intervenor's substantive rights. While not a model of clarity, Father appears to assert this decision was erroneous because the amendment was merely procedural "in that it does not prohibit Intervenor from seeking custody or visitation; she has the same right to pursue custody or visitation as before." By asserting Intervenor had "the same right to pursue custody or visitation as before," Father assumes there is no material difference between the pre- and post-amendment version of the statute and therefore fails to state a claim of reversible error as required by Rule 84.04(d)(1).

Despite the deficiency in Point II, this Court may, in its discretion, elect to review a claim if the argument sufficiently identifies and explains a claim of reversible error. *Hicks v. Northland-Smithville*, 655 S.W.3d 641, 647–48 (Mo. App. E.D. 2022). This discretion, however, is limited by the countervailing recognition that searching the remainder of the appellant's brief to compensate for a deficient point relied on, "beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). These concerns are magnified because Father's one-page argument adds nothing to the deficient point and does not clarify his claim. Instead, with no citation to authority or comparative analysis of the operative statutory text, his argument essentially reiterates the deficient point relied on by asserting "in both versions rights to third person custody arise in the same way" and "the new version merely clarifies the order of preference to be given various contenders for custody of the child." While the argument includes a single sentence asserting the "2021 version" requires the circuit court to "first ascertain that no person

6

related to the child by consanguinity or affinity is willing to accept custody before granting custody" to a third party, Father does not further develop the argument by explaining why, in the context of the case, the circuit court committed reversible error.[4] "Mere conclusions and the failure to develop an argument with support from legal authority preserves nothing for review." *Bennett v. Taylor*, 615 S.W.3d 96, 100 (Mo. App. E.D. 2020). Father's cursory argument does not compensate for the deficiency in Point II. Because the failure to state a claim of reversible error violates Rule 84.04(d)(1) and this Court is left with nothing to review, Point II is dismissed.

Second, Rule 84.04(e) provides "the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." To preserve a constitutional challenge, the party must:

> (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 266 (Mo. banc 2014); *see also Int. of T.D.*, 645 S.W.3d 669, 677 (Mo. App. E.D. 2022) (holding a party failed to preserve a due process argument asserting the judgment was based on facts not raised in the petition because the record did not show the argument was raised in the trial court).

In Points V, VI, VII, and VIII, Father claims various aspects of the circuit court's modification judgment unconstitutionally burden his relationship with Child. Although a preservation statement "is essential to this Court's review of the case[,]" *T.G.*, 648 S.W.3d at 50, Father's brief does not include a preservation statement as required by Rule 84.04(e). The magnitude of this omission is amplified by his failure to supply a transcript as required by Rule

---

[4] Even if Father attempted to develop a claim of reversible error in his argument, his effort would likely be an exercise in futility, thwarted by his failure to file a transcript in violation Rule 81.12.

81.12.  The lack of a preservation statement, coupled with the absence of a transcript, preclude a determination as to whether Father's constitutional claims are preserved for appellate review.  Points V, VI, VII, and VIII are dismissed.

## Conclusion

Father's violations of Rule 81.12 and Rule 84.04 preclude meaningful review of all eight points relied on.  The appeal is dismissed.[5]

_____
Renée Hardin-Tammons, Judge


Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur.

---

[5] This Court's dismissal of Father's appeal moots Intervenor's motions to dismiss the appeal and motion to strike Father's reply brief, all of which were taken with the case.